BITUMINOUS CASUALTY CORPORATION *v.* POWELL ET AL.

[No. 15,249.   Filed March 8, 1935.   Rehearing denied June 5, 1935.   Transfer denied November 18, 1935.]

*Arnold J. Padgett* and *David H. Padgett,* for appellant.

*Kessinger, Hill & Arterburn, Charles E. Henderson* and *Laurens L. Henderson,* for appellees.

DUDINE, P. J.—Joseph Powell, deceased husband of appellee Mary J. Powell and father of the other appellees, was accidentally injured and killed while working in a coal mine operated by the White Ash Coal Company, a partnership, consisting of four partners including said decedent.

At the time of his injury a policy of insurance issued by appellant corporation to said White Ash Coal Company was in force. This policy, by its provisions, insured the partnership as an employer against liability to its employees and their dependents, arising out of the Workmen's Compensation Law.

A rider attached to the policy provided as follows: "It is hereby understood and agreed that the co-partners Matt Powell, Jr., Joe Powell (decedent), Albert Powell and Matt Powell, Sr., are covered under the policy to which this endorsement is attached."

Appellees filed suit in the Knox Circuit Court against appellant to recover the amount which would be due them under the Workmen's Compensation Law as dependents of an employee. The insurance policy was made part of the complaint.

Appellant filed a demurrer to the complaint, setting forth the ground that the Knox Circuit Court did not have jurisdiction of the subject matter. The demurrer

was overruled. Appellant filed an answer in general denial, and the cause was submitted to the court for trial without a jury, and the court found for appellees and rendered judgment accordingly.

Appellant filed a motion for new trial which was overruled, whereupon this appeal was perfected, the errors assigned and relied upon for reversal being error in overruling the motion for new trial, and error in overruling the demurrer to the complaint. The motion for new trial alleged, as causes therefor, that the decision is contrary to law, and that the decision is not sustained by sufficient evidence.

Appellant contends the trial court did not have jurisdiction of the subject matter of this cause of action—that the Industrial Board had exclusive jurisdiction of the subject matter of this cause of action. All other contentions made by appellant in its brief are incidental to said contention.

The complaint alleged and the evidence showed that decedent was a partner in the employing partnership firm, that he was working for the partnership firm and receiving compensation for said work independent of any profits that he might receive as such partner, and that his injury arose out of and in the course of said employment. A similar set of facts was certified to this court by the Industrial Board, for instruction, as to whether or not, under the facts certified, the partner was an employee of the partnership within the meaning of the Workmen's Compensation Act of 1929, and whether the dependents of such a partner were entitled to an award for compensation as against the partnership—and this court answered the questions in the negative in In re Montgomery and Son (1929), 91 Ind. App. 21, 169 N. E. 879.

Having examined the authorities listed in In re Montgomery and Son, supra, as supporting the court's position on said questions, as well as the authorities listed

as being to the contrary, we think this court answered the questions correctly. See 15 A. L. R. 293. and 81 A. L. R. 654, for additional authorities supporting this court's position.

As was said by the Supreme Court of California with reference to the Workmen's Compensation Act of that state, in *Cooper* v. *Industrial Acc. Comm. of Calif. et al.* (1918), 177 Cal. 685, 171 Pac. 684, we say with reference to the Workmen's Compensation Act of Indiana, "The Workmen's Compensation Act clearly does not contemplate such a mixed relation as that existing between partners, wherein each member of the partnership is at the same time principal and agent, master and servant, employer and employee and wherein each, in any services he may render, whether under his general duty as a partner or under a special agreement for some particular service, is working for himself as much as for his associates in carrying on the business of the firm."

In accordance with the position taken by this court in *In re Montgomery and Son, supra,* we hold that decedent was not an employee within the meaning of the Workmen's Compensation Act.

The jurisdiction of the Industrial Board is limited to questions of compensation arising between "employees" or dependents of "employees," and the employer or the employer's insurance carrier. For the reasons above given, the Industrial Board did not have jurisdiction of the subject matter of this cause of action.

The evidence is sufficient to sustain a finding that by the provisions of the insurance policy, appellant agreed to pay to decedent's dependents the compensation which they would be entitled to under the Workmen's Compensation Law, it being assumed for the purpose of said insurance contract that decedent be

considered an "employee" within the meaning of the Workmen's Compensation Law.

The evidence is sufficient to sustain the decision of the court, and the decision is not contrary to law. No reversible error being shown, the judgment is affirmed.

## DISSENTING OPINION.

KIME, J.—I can not concur with the majority view indicated by the opinion herein for the following reasons, among others, which might be mentioned:

The first assignment of error is that the court erred in overruling appellant's demurrer to appellees' complaint. That demurrer was as follows:

"The defendant demurs to plaintiffs' complaint, and for cause of demur says:

"First. That the Knox Circuit Court has no jurisdiction of the subject matter of this action.

"Second. That there is a defect of parties plaintiff, in this: That Matt Powell, Jr., Albert Powell and Matt Powell, Sr., are proper and necessary parties plaintiff to said action.

"Third. That there is a defect of parties defendant, in this: That Matt Powell, Jr., Albert Powell and Matt Powell, Sr., are proper and necessary parties defendant to said action.

"Fourth. That the complaint does not state facts sufficient to constitute a cause of action.

"WHEREFORE, etc.

PADGETT & PADGETT,
Attorneys for defendant.

## MEMORANDUM.

"The copy of the policy, or contract, sued on shows upon its face that it is an industrial policy issued under and governed by the Workmen's Compensation Law of the State of Indiana, and that the jurisdiction of all such matters is conferred wholly upon the Industrial

Board of Indiana, and therefore the circuit court, in the first instance, has no jurisdiction in such matters.

The contract, or policy, sued on shows upon its face that it was issued to Matt Powell, Jr., Joe Powell (the deceased), Albert Powell and Matt Powell, Sr., doing business under the firm name and style of the White Ash Coal Company, and any right of action based upon said policy, or contract, is vested in the surviving members of said White Ash Coal Company and they are necessary parties to this action either as plaintiffs or defendants.

"Said policy and contract contains the following provisions:

" 'To pay promptly to any person entitled thereto, under the Workmen's Compensation Law and in the manner therein provided, the entire amount of any sum due, and all installments thereof as they become due.

" '(1) To such person, because of the obligation for compensation for any such injury imposed or accepted by this Employer under such of certain statutes as may be applicable thereto, cited and described in an endorsement attached to this Policy, each of which statutes is herein referred to as the Workmen's Compensation Law, and

" '(2) For the benefit of such person, the proper cost of whatever medical, surgical, nurse or hospital services, medical or surgical apparatus or appliances and medicine, or, in the event of fatal injury, whatever funeral expenses are required by the provisions of such Workmen's Compensation Law.

" 'It is agreed that all of the provisions of each Workmen's Compensation Law covered hereby shall be and remain a part of this contract as fully and completely as if written herein, so far as they apply to compensation or other benefits for any personal injury or death covered by this policy, while this policy shall remain in

force. Nothing herein contained shall operate to so extend this policy as to include within its terms any Workmen's Compensation Law, scheme or plan not cited in an endorsement hereto attached.'

"There is no averment in the complaint that any application or claim for the death of plaintiffs' decedent was ever presented to, or acted upon, by the Industrial Board of the State of Indiana, and no award of damages was ever made by the Industrial Board against the White Ash Coal Company.

"Plaintiffs' decedent was not named in said policy or contract as a beneficiary, and there are no contractual relations shown to exist between plaintiffs' decedent and this defendant.

"The policy sued on clearly shows that it was issued for the purpose of indemnifying the employer against any damages which it might be liable for under the Workmen's Compensation Law of the State of Indiana, and that until such damages, if any, are fixed and adjudged by the Industrial Board of the State of Indiana under the Workmen's Compensation Law, there could be no liability against this defendant."

Under that assignment of error the appellant in his brief presented, by his propositions, the question of the jurisdiction of the circuit court to try such a case, both as to jurisdiction of the subject matter and of the parties, and by his points and authorities presented such propositions so that "we are able to understand his contention . . . without reference to the record." The policy set forth in this case was an ordinary workmen's compensation insurance policy*, whereby the appellant insured the White Ash Coal Company, a partnership, composed of Matt Powell, Jr., Joe Powell, Albert Powell and Matt Powell, Sr. The appellees here are not parties

---

*NOTE—The application and policy provisions appearing on pages 95 and 96 and are applicable hereto.

to that insurance contract. It seems to me that if there was any liability whatever under the policy that it would be necessary for the surviving partners to bring an action before recovery could be had. This, therefore, means that there is a defect of the parties, and, consequently, the Knox Circuit Court had no jurisdiction.

The fourth ground of demurrer is that the complaint does not state facts sufficient to constitute a cause of action, and in the absence of a showing of the right these appellees had to bring such an action, which the complaint does not do, the demurrer should also have been sustained for that reason. Consequently I believe the court erred in overruling the demurrer.

As to the question of whether or not under the facts, as disclosed by the record herein, they are such as would preclude a partner who was also an employee of the partnership or his dependents from recovering compensation I do not believe that it is necessary nor proper for this court to decide or attempt to decide such question in this case, and certainly not to rely upon the answer to a certified question from In re Montgomery and Son (1929), 91 Ind. App. 21, 169 N. E. 879, as the facts in this case, as certified, and those in the case at bar are easily distinguishable.

Section 73b of the Workmen's Compensation Law, in defining employees, says that it shall "include every person, including a minor lawfully in the service of another under any contract of hire. . ." It would seem to me that here the question before us is, was the employee here in the service of another? A liberal construction which the statute enjoins upon this court, it seems to me, leads to the inevitable conclusion that he was an employee in the service of another. It is true he may not have been in the service of another legal entity, but he certainly was in the employ of a separate business entity without which it would have been im-

possible for him to have been employed. This is in line with the more liberal view taken of such partnership relation and especially so in view of the fact that the employee here received weekly wage from the separate entity.

"PLAINTIFF'S EXHIBIT 1.

Application for Policy Contract.
Bituminous Casualty Corporation.
Louisville     Des Moines     Peoria     Springfield
Belleville
Home Office: Rock Island, Illinois.

Item 1—

Name of this Employer—White Ash Coal Company, a partnership. Partners, Matt Powell, Jr., Joe Powell, Albert Powell, Matt Powell, Sr. P. O. Address—Wheatland, Indiana, R. R.

For the purpose of serving notice, as in the Policy provided, this Employer agrees that this address may be considered as both the residence and business address of this Employer or any representative upon whom notice may be served.

Individual, co-partnership, corporation or estate? Co-partnership.

Item 2—

This Policy shall remain in force, until cancelled as in the Policy provided, from October 19, 12:00 A. M., 1932, at twelve and one minute o'clock A. M., standard time, at the place where any operation covered hereby is conducted, as respects that operation, or at the place where any injury covered hereby is sustained, as respects that injury.

The Assured Agrees, that on or before the fifteenth of each month they will render a statement of the gross pay-roll expenditure for labor, without any deductions, for the preceding calendar month, which report will be accompanied by a check for the premium on said pay-roll expenditure, based on the rates per month $100 of pay-roll expended as stated in the policy contract under Item 3. No deductions for gunpowder, oil, and smithing. If the premium is not paid by the end of the month, policy may be cancelled for non-payment of premium.

It is expressly understood that any employee who is subject to the hazards of the business of this employer and such employee receives no wages or salary, or less than the usual scale or rate for such services in the same or neighboring localities, his earnings, for the purpose of determining the amount of premium under this policy, shall be considered to be at the same rate or scale usually paid for the same or similar services in the same or neighboring localities.

Item 3—

Locations of all coal mines, factories, shops, yards, buildings, premises or other work places of this employer, by county, town or city, with street and number—Three miles west of Wheatland, Indiana, on U. S. Highway No. 50, Knox County.

All business operations, including the operative management and superintendence thereof, conducted at or from the locations and premises defined above as declared in each instance by a disclosure of estimated remuneration of employees under such of the following Divisions as are undertaken by this Employer.

1. All industrial operations upon the premises. 2. All office forces. 3. All repairs or alterations to premises. 4. Specially rated operations on the premises. 5. Operations not on the premises.

### CLASSIFICATION OF OPERATIONS.

Note: If more than one classification, indicate each other by (b), (c), (d), etc.

Estimated Total Annual Remuneration—$20,000.00.

Rate per $100 of Remuneration—$9.00.

Estimated Premium—

1. (a) Operation of properties located near and described by name and/or number:

White Ash Mine.

No. 106 Coal Mining Bituminous.

All employees above and below ground.

(b) Shaft sinking.

(c) Store employees.

(x) President, any Vice-President, Secretary or Treasurer of Corporate Employer who performs duties of Superintendent, Foreman or Workman.

2. A. Clerical Office Employees (not located on mine premises).

B. Draughtsmen (engaged exclusively in the profession)—Office duties only.

3. (a) Additions to, alterations and repairs of Employer's existing buildings or plants (not construction of new building nor maintenance of equipment covered as manufacturing operations), excluding the erection or demolition of structural steel or of any fabricated iron or steel products or structure, and the construction of sewers, tunnels, shafts or subways, excluding also all operations conducted or supervised by contractors operating either as principals or on a percentage basis (unless specifically classified and rated in Division 1).

4. (a) Stamping-metal (if not included in 1).

(b) Blasting. (Additional minimum premium for this item, $25.00.)

(c) Railroads (used solely for declared business operations).

5. (a) Erection, installation, repair or demonstration of Employer's product, as follows:..........

(b) Outside Salesmen, Collectors and Messengers (wherever engaged) who do not deliver merchandise.

(c) Drivers and Drivers' Helpers (if not included in 1) wherever engaged.

(d) Chauffeurs and Chauffeurs' Helpers (if not included in 1) wherever engaged.

Minimum Annual Premium for this Policy shall be $150.00.

Estimated Advance Premium—$200.00.

Item 4—

The foregoing enumeration and description of employees include all persons employed in the service of this Employer in connection with the business operations above described to whom remuneration of any nature in consideration of service is paid, allowed or due, together with an estimate for the Policy Period of all such remuneration. This enumeration and description, with the estimated remuneration, shall also include the President, any Vice-President, Secretary or Treasurer of this Employer, if a corporation, if actually performing such duties as are ordinarily undertaken by a superintendent, foreman or workman, but any such designated officer not so engaged shall not be included in such enumeration, description or estimated remu-

neration, and are not included hereunder unless specifically mentioned. The foregoing estimates of remuneration are offered for the purpose of computing the advance premium. The Company shall be permitted to examine the books of this Employer at any time during the Policy Period and any extension thereof and within one year after its final termination, so far as they relate to the remuneration earned by any employee of this Employer while the Policy was in force.

Item 5—

This employer is conducting no other business operation at this or any other location not herein disclosed, except as herein stated: No. ex.

Item 6—

No similar insurance has been cancelled by any business carrier during the past year, except as herein stated: No. ex.

The undersigned hereby applies for a policy of insurance to be issued by the Bituminous Casualty Corporation based upon the declarations as above noted, a copy of such declarations to be attached to and form a part of such policy of Insurance.

(Signed) WHITE ASH COAL COMPANY.<br>
By Matt Powell, Jr.

(Tr., p. 58, line 24, to p. 62, line 20.)

Plaintiffs' Exhibit 2 was then introduced and read in evidence, which is as follows:

PLAINTIFFS' EXHIBIT 2.<br>
Universal Standard Workmen's Compensation Policy.<br>
A Stock Company.<br>
Bituminous Casualty Corporation<br>
Home Office—Rock Island, Illinois.<br>
(Hereinafter called the Company.)

Does hereby agree, with this employer, named and described as such in the Declarations forming a part hereof, as respects personal injuries sustained by employees, including death at any time resulting therefrom, as follows:

One (a) To pay promptly to any person entitled thereto, under the Workmen's Compensation Law and in the manner therein provided, the entire

amount of any sum due, and all installments thereof as they become due.

(1) To such persons, because of the obligation for compensation for any such injury imposed upon or accepted by this Employer under such of certain statutes as may be applicable thereto, cited and described in an endorsement attached to this Policy, each of which statutes is herein referred to as the Workmen's Compensation Law, and

(2) For the benefit of such person, the proper cost of whatever medical, surgical, nurse or hospital services, medical or surgical apparatus or appliances and medicine, or, in the event of fatal injury, whatever funeral expenses are required by the provisions of such Workmen's Compensation Law.

It is agreed that all of the provisions of each Workmen's Compensation Law covered hereby shall be and remain a part of this contract as fully and completely as if written herein, so far as they apply to compensation or other benefits for any personal injury or death covered by this Policy, while this Policy shall remain in force. Nothing herein contained shall operate to extend this Policy as to include within its terms any Workmen's Compensation Law, scheme or plan not cited in an endorsement hereto attached.

One (b) To indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed, wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada. In the event of the bankruptcy or insolvency of this Employer the company shall not be relieved from the payment of such indemnity hereunder as would have been payable but for such bankruptcy or insolvency. If, because of such bankruptcy or insolvency, an execution against this Employer is returned unsatisfied in an action brought by the injured, or by another person claiming by, through or under the injured, then an action may be maintained by another person claiming by, through or under the injured, against the Company under the terms of this Policy for the amount of the judgment in said action, not exceeding the amount of the Policy.

Two. To serve this Employer (a) by the inspec-

tion of work places covered by the Policy when and as deemed desirable by the company, and thereupon to suggest to this Employer such changes or improvements as may operate to reduce the number or severity of injuries during work, and (b) upon notice of such injuries, by investigation thereof, and by settlement of any resulting claims in accordance with law.

Three. To defend, in the name and on behalf of this Employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent.

Four. To pay all costs taxed against this employer in any legal proceeding defended by the company, all interest accruing after entry of judgment and all expenses incurred by the company for investigation, negotiation or defense.

Five. This agreement shall apply to such injuries sustained by any person or persons employed by this employer whose entire remuneration shall be included in the total actual remuneration for which provision is hereinafter made, upon which remuneration in the premium of this policy is to be computed and adjusted, and, also, to such injuries so sustained by the President, any Vice-President, Secretary, or Treasurer of this employer, if a corporation. The remuneration of any such designated officer shall not be subjected to a premium charge unless he is actually performing such duties as are ordinarily undertaken by a superintendent, foreman or workman.

Six. This agreement shall apply to such injuries so sustained by reason of the business operations described in said declarations which, for the purpose of this insurance, shall include all operations necessary, incident or appurtenant thereto, or connected therewith, whether such operations are conducted at the work places defined and described in said declarations or elsewhere in connection with, or in relation to, such work places.

Seven. This agreement shall apply only to such injuries so sustained by reason of accidents occur-

ring during the policy period limited and defined as such in Item 2 of said declarations.

This agreement is subject to the following conditions:

A. The premium is based upon the entire remuneration earned, during the policy period, by all employees of this employer engaged in the business operations described in said declarations, together with all operations necessary, incident or appurtenant thereto, or connected therewith, whether conducted at such work places or elsewhere in connection therewith, or in relation thereto; excepting however the remuneration of the President, any Vice-President, Secretary or Treasurer of this employer, if a corporation, but including the remuneration of any one or more of such designated officers who are actually performing such duties as are ordinarily undertaken by a superintendent, foreman or workman. If any operations as above defined are undertaken by this employer but are not described or rated in said declarations, this employer agrees to pay the premium thereon, at the time of the final adjustment of the premium in accordance with condition C hereof, at the rates, and in compliance with the rules, of the Manual of Rates in use by the company upon the date of issue of this policy. At the end of the policy period the actual amount of the remuneration earned by the employees during such period shall be exhibited to the company as provided in condition C hereof, and the earned premium adjusted in accordance therewith at the rates and under the conditions herein specified. If the earned premium thus computed is greater than the advance premium paid, this employer shall immediately pay the additional amount to the company, if less, the company shall return to this employer the unearned portion, but in any event the company shall retain the minimum premium stated in said declarations. All premiums provided by this policy, or by any endorsement hereon, shall be fully earned whether any such Workmen's Compensation Law, or any part of such, is now or shall hereafter be declared invalid or unconstitutional.

D. The obligations of paragraph One (a) foregoing are hereby declared to be the direct obligations and promises of the company to any injured

employee covered hereby, or, in the event of his death, to his dependents; and to each such employee or such dependent the company is hereby made directly and primarily liable under said obligations and promises. This contract is made for the benefit of such employees or such dependents, and is enforceable against the company by any such employee or such dependent in his name or on his behalf, at any time and in any manner permitted by law, whether claims or proceedings are brought against the company alone or jointly with this employer. If the law of any state in which the policy is applicable provides for the enforcement of the rights of such employees or such dependents by any commission, board or other state agency for the benefit of such employees or such dependents, then the provisions of such law are made a part hereof, as respects any matter subject thereto, as fully as if written herein. The obligations and promises of the company as set forth in this paragraph shall not be affected by the failure of this employer to do or refrain from doing, any act required by the policy, nor by any default of this employer after the accident in the payment of premiums, or in the giving of any notice required by the policy or otherwise; nor by the death, insolvency, bankruptcy, legal incapacity or inability of this employer; nor by any proceeding against him as a result of which the conduct of this employer's business may be and continue to be in charge of an executor, administrator, receiver, trustee, assignee or other person.

E. As between the employee and the company, notice to or knowledge of this employer of any injury or death covered hereby shall be notice or knowledge, as the case may be, of the company; the jurisdiction of this employer, for the purposes of any Workmen's Compensation Law covered hereby, shall be jurisdiction of the company, and the company shall in all things be bound by and subject to the findings, judgments, awards, decrees, orders or decisions rendered against this employer in the form and manner provided by such laws and within the terms, limitations and provisions of this policy not inconsistent with such laws.

G. No action shall lie against the company to recover upon any claim or for any loss under Paragraph One (b) foregoing unless brought after the

amount of such claim or loss shall have been fixed and rendered certain, either by final judgment against this employer after trial of the issue or by agreement between the parties with the written consent of the company, nor in any event unless brought within two years thereafter.

Attached to and forming a part of Policy No. 10002 issued by the Bituminous Casualty Corporation, Rock Island, Illinois, to Matt Powell, Jr., Joe Powell, Albert Powell and Matt Powell, Sr., D/B/A White Ash Coal Company, Wheatland, Indiana.

It is expressly understood and agreed that the co-partners, Matt Powell, Jr., Joe Powell, Albert Powell and Matt Powell, Sr., are covered under the policy to which this endorsement is attached.

BITUMINOUS CASUALTY CORPORATION.
By H. W. Cozad, President.

Countersigned at Terre Haute, Indiana, this 20th day of October, 1932.

By W. P. ROLLINS,
Authorized Representative.

Not valid unless issued and signed by an authorized representative."

"WORKMEN'S COMPENSATION SUPPLEMENT.

This supplement, when countersigned by a duly authorized representative of the Bituminous Casualty Corporation, becomes a part of the policy to which it is attached.

Policy No. X10002.

Branch Office, Terre Haute, Indiana.
Renewal of........In place of........Est. Prem..........
Date of Policy—October 19, 1932, 12:00 a. m. Policy continuous until cancelled. Similar insurance has recently been carried by the.....................
Insurance Company.

DECLARATIONS.

Item 1—

Name of this employer—Matt Powell, Jr., Joe Powell, Albert Powell and Matt Powell, Sr., doing business as White Ash Coal Company.

P. O. Address, Wheatland, Indiana.

For the purpose of serving notice, as in the policy provided, this employer agrees that this address

may be considered as both the residence and business address of this employer or any representative upon whom notice may be served.

Individual, co-partnership, corporation or estate? Co-partnership.

Item 2—

This policy shall remain in force, until cancelled as in the policy provided, from 12:00 A. M., October 19, 1932, at twelve and one minute o'clock A. M. standard time, at the place where any operation covered hereby is conducted, as respects that operation, or at the place where any injury covered hereby is sustained, as respects that injury.

The assured agrees, that on or before the fifteenth of each month they will render a statement of the gross pay roll expenditure for labor, without any deductions, for the preceding calendar month, which report will be accompanied by a check for the premium on said pay roll expenditure, based on the rates per each $100 of pay roll expended as stated in the policy contract under Item 3. No deductions for gunpowder, oil and smithing. If the premium is not paid by the end of the month policy may be cancelled for non-payment of premium.

It is expressly understood that any employee who is subject to the hazards of the business of this employer and such employee receives no wages or salary, or less than the usual scale or rate for such services in the same or neighboring localities, his earnings, for the purpose of determining the amount of premium under this policy, shall be considered to be at the same rate or scale usually paid for the same or similar services in the same or neighboring localities.

Attached to and forming a part of policy No. X10002 issued by the Bituminous Casualty Corporation, Rock Island, Ill., to the assured named in Item one (1) of the Declaration.

K. G. CARNEY, Secretary.
H. W. COZAD, President.

Countersigned at Terre Haute, Indiana, this 20th day of October, 1932.

W. P. ROLLINS,
Authorized Representative."

FOR ATTACHMENT TO

"Standard Workmen's Compensation and Employer's Liability Policy. When applicable in the State of Indiana to complete the Contract as provided in the policy.

Insofar as the Indiana Workmen's Compensation Act applies to any injury or death covered by the Policy to which this endorsement is attached, such Policy is amended in accordance with this endorsement.

This Employer, upon the acceptance of this Policy, agrees that at the effective date hereof he has accepted and is bound by the Indiana Workmen's Compensation Act in full compliance with Section 2 and 4 thereof, and will not during the Policy Period elect to reject the provisions of such Act as provided by Section 3 thereof."