Stanley KAHN, Appellant
(Defendant Below),

v.

Rachel CUNDIFF and Larry Cundiff,
Appellee (Plaintiff Below).

No. 32S01–8909–CV–675.

Supreme Court of Indiana.

Sept. 11, 1989.

Ronald E. Elberger, Bose, McKinney & Evans, Indianapolis, for appellant.

Reginald B. Bishop, Roberts & Bishop, Indianapolis, for appellee.

## PER CURIAM.

This case concerns the conditions under which a party or his attorney may be ordered to pay fees and costs to an opposing party for having filed or pursued a frivolous, groundless, or unreasonable claim.

Attorney Stanley Kahn filed a tort action on behalf of clients who were injured when the car in which they were passengers was sideswiped by a vehicle driven by Rachel Cundiff. Kahn sued both Rachel Cundiff and her husband Larry Cundiff, in whose name the car was titled. Kahn resisted Larry Cundiff's motion to dismiss for failure to state a claim and his motion for a judgment on the pleadings. The Hendricks Circuit Court denied each. On the morning of trial, Kahn moved to dismiss the claim against Larry Cundiff, saying that he had no facts to support it.

In ruling on Larry Cundiff's request for attorney fees, the trial court held that the claim against him was frivolous, unreasonable, and groundless within the meaning of

Ind.Code § 34–1–32–1 (Burns 1986 Repl.). It ordered Kahn to pay $8,246 in attorney fees and $411 in jury costs.

The Court of Appeals affirmed the trial court's findings concerning the frivolous, unreasonable, and groundless nature of the claim against Larry Cundiff, outlining definitions of each of those terms. It vacated the award of fees, which had been determined on the basis of judicial notice and affidavits provided by Larry Cundiff. It observed that judicial notice can support only relatively small amounts in routine cases and that the affidavits were conflicting. It remanded for an evidentiary hearing on the amount of fees to be paid. *Kahn v. Cundiff* (1989), Ind.App., 533 N.E.2d 164.

Commencing an action against a particular party will less often be frivolous, unreasonable, or groundless than continuing to litigate the same action. Because of the system of notice pleading and pre-trial discovery, commencement of an action may often be justified on relatively insubstantial grounds. Thorough representation will sometimes require a lawyer to proceed against some parties solely for the purpose of investigation through pre-trial discovery. In such cases, counsel is expected to determine expeditiously the propriety of continuing such action and to dismiss promptly claims found to be frivolous, unreasonable, or groundless. In this case, fees should be due for the costs of defending Larry (as distinguished from defending Rachel) from that point in the litigation at which pursuing the claim became frivolous, unreasonable, or groundless.

Because we believe the opinion of the Court of Appeals provides useful definitions of the standards to be applied under Ind.Code § 34–1–32–1, we grant attorney Kahn's petition to transfer and affirm and adopt the decision of the Court of Appeals. Appellate Rule 11(B)(3), Ind. Rules of Procedure.

The cause is remanded to the trial court for a new hearing on the amount of fees and is otherwise affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.