**ST. MARY MEDICAL CENTER,**
Appellant–Plaintiff Below,

v.

**Sheila BAKER, Appellee–**
**Defendant Below.**

No. 45A03–9211–CV–366.

Court of Appeals of Indiana,
Third District.

March 22, 1993.

Rehearing Denied May 12, 1993.

Timothy O. Malloy, Munster, for appellee.

Deborah M. McPhee, Bowman, Heintz, Boscia & McPhee, P.C., Merrillville, for appellant.

STATON, Judge.

St. Mary Medical Center ("Medical Center") appeals the dismissal of its complaint against Sheila Baker, presenting two issues for our review:

I. Whether the trial court properly dismissed Medical Center's claim for lack of subject matter and personal jurisdiction.

II. Whether the trial court properly awarded Baker attorney fees in the aggregate amount of $750.00.

We affirm and remand for evidentiary hearing on appellate attorney fees.

The facts alleged before the trial court are these. Baker was injured in the course of her employment at Marshalls Department Store and received treatment for her injuries at Medical Center. Travelers Insurance, a worker's compensation insurance carrier, paid a portion of the total charges billed but disputed the validity of certain other charges. Medical Center subsequently sought to collect the balance directly from Baker.

On October 8, 1991, Medical Center filed a complaint against Baker in the Lake Superior Court. On January 16, 1992, Baker moved to dismiss the complaint. On April 15, 1992, the trial court granted Baker's motion to dismiss:

"The Court, being duly advised in the premises, having reviewed Baker's Motion to Dismiss, the Medical Center's Reply thereto, and Baker's Reply to the Medical Center's Reply, and having reviewed I.C. 22–3–1–2, 22–3–3–5 *et seq.*, the Court hereby finds as follows:

1. That the proper venue for this claim would be for the Indiana Worker's Compensation Board in Marion County, Indianapolis, Indiana.

2. That the proper party, or parties, would be Travelers Insurance Company, and St. Mary Medical Center.

3. That this Court lacks jurisdiction to decide a dispute between Travelers Insurance Company and St. Mary Medical Center.

4. That this claim should not have been filed in the Superior Court.

5. That the Medical Center had no legal justifiable basis for same, and therefore, their claim is frivolous and warrants imposition of attorney's fees and Court costs in the amount of $500.00.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss should be granted, and that the movant should be entitled to attorney's fees for the filing of this claim without legal justifiable basis in the amount of $500.00."

Record, pp. 36–37.

### I.

### *Dismissal of Complaint*

IND.CODE 22–3–1–2 provides: "The worker's compensation board shall administer the worker's compensation law[.]" Where the legislature has provided

an administrative agency with exclusive primary jurisdiction to decide a class of issues, the courts may not exercise jurisdiction until the parties have exhausted the procedures available before the administrative body. *Indiana Forge and Machine Co. v. NIPSCO* (1979), Ind.App., 396 N.E.2d 910, 912. Therefore, the Lake Superior Court was not the proper forum in which to bring an initial complaint arising out of a work-related injury.

Furthermore, the parties' dispute as to the applicability of IND.CODE 22–3–3–5 should have been addressed to the worker's compensation board.[1] Pursuant to IND. CODE 22–3–1–3(b), the board is authorized, *inter alia:* to hear, determine, and review all claims for compensation under IC 22–3–2 through IC 22–3–7; to require medical service for injured employees; to approve claims for medical service; to make conclusions of facts and rulings of law; *and to certify questions of law to the court of appeals.* (Emphasis added.)

It is uncontroverted that Baker's injuries arose out of the course of her employment. Medical Center's claim for payment above that voluntarily provided by the employer's insurer should have been addressed to the worker's compensation board. I.C. 22–3–1–2; I.C. 22–3–3–5; *Talas v. Correct Piping Co., Inc.* (1982), Ind., 435 N.E.2d 22.

## II.

### *Award of Attorney Fees*

■ Pursuant to IND.CODE 34–1–32–1(b)(1), the trial court may award attorney fees in any civil action if it finds that a party brought the action on a frivolous, unreasonable, or groundless claim. Awards under I.C. 34–1–32–1 are afforded a multi-step standard of review. First, we review the trial court's findings of fact under the clearly erroneous standard and second, we review *de novo* the trial court's legal conclusions. Finally, we review the trial court's decision to award attorney fees and the amount thereof under an abuse of discretion standard. *Kahn v. Cundiff* (1989), Ind.App., 533 N.E.2d 164, 167, adopted on transfer 543 N.E.2d 627.

■ Here, the trial court was not presented with disputed facts and did not enter findings of fact. We therefore review the court's conclusion of law that Medical Center's claim was "frivolous." A claim or defense is "frivolous" (a) if it is taken primarily to harass or maliciously injure a person, (b) if the lawyer is unable to make a good faith and rational argument on the merits of the action, or (c) if the lawyer is unable to support the action by a good faith and rational argument for an extension, modification, or reversal of existing law. *Id.* 533 N.E.2d at 170.

■ A litigant is obligated to investigate the legal and factual basis of the claim when filing it and to continuously evaluate the merits of counterclaims or defenses asserted in litigation. *General Collections, Inc. v. Decker* (1989), Ind.App.,

1. I.C. 22–3–3–5 provides: "The pecuniary liability of the employer for medical, surgical, hospital and nurse service herein required shall be limited to such charges as prevail in the same community for similar service to injured persons of like standard of living when such service is paid for by the injured person. The employee and the employee's estate do not have liability to a health care provider for payment for services obtained under IC 22–3–3–4. The right to order payment for all services provided under IC 22–3–2 through IC 22–3–6 is solely with the board. All claims by a health care provider for payment for services are against the employer and the employer's insurance carrier, if any, and must be made with the board under IC 22–3–2 through IC 22–3–6."

Medical Center claims that the 1991 amendment providing for employee non-liability should be inapplicable to it because the services in question were rendered in 1990 and because retroactive application would unconstitutionally impair its vested property right. Baker responds that the board intends to apply the amendment retroactively, as evidenced by a letter from the Executive Secretary of the board, attached to Baker's brief as an "exhibit." The "exhibit" is not a part of the official record of proceedings. Inasmuch as Medical Center failed to present this issue to the proper forum—the board having authority to certify questions of worker's compensation law to this court—the issue of statutory construction is not properly before this court. As we observed, *supra,* the Lake Superior Court properly dismissed Medical Center's action for lack of jurisdiction.

545 N.E.2d 18, 20. An examination of the legal basis of Medical Center's claim and the supporting arguments discloses no foundation for the decision to file an action in superior court. Treatment was provided by Medical Center to Baker because of her *work-related* injury. A cursory review of the worker's compensation statutes by Medical Center's attorney would have revealed the proper forum in which to seek payment—the worker's compensation board.

■ Finally, we review the amount of attorney fees awarded. Here, the trial court awarded $500.00 in its order of dismissal and $250.00 in its order denying Medical Center's motion to correct errors. No evidence was submitted to the trial court on the issue of attorney fees. However, a trial court may take judicial notice of reasonable attorney fees in routine cases involving relatively small amounts. *Id.* 533 N.E.2d at 172.

Baker's counsel was obliged to file an answer to Medical Center's complaint, a motion to dismiss and a brief supporting the motion to dismiss. Counsel also appeared at hearings on the motion to dismiss and motion to correct errors. The award of attorney fees in the aggregate amount of $750.00 was within the trial court's discretion.

■ Baker has requested appellate attorney fees in the amount of $3,500.00. We conclude that appellate attorney fees are appropriate in this case. However, no evidence has been presented to the trial court relative to an hourly fee or hours expended. We therefore remand for a hearing as to the appropriateness of the $3,500.00 amount requested.

Affirmed; remanded for an evidentiary hearing on appellate attorney fees.

HOFFMAN, J., concurs.

BAKER, J., dissents and files separate opinion.

BAKER, Judge, dissenting.

I respectfully dissent. In my opinion, both the trial court and the majority erroneously concluded the trial court had no authority to entertain Medical Center's claim against Baker. I also disagree attorney fees are proper.

I

It is true that when the legislature has provided an administrative agency with exclusive primary jurisdiction to decide a class of issues, the courts may not exercise jurisdiction until all administrative remedies have been exhausted. *Indiana Forge and Machine Co. v. NIPSCO* (1979), Ind. App., 396 N.E.2d 910, 912. The "class of issues" left to the worker's compensation board, however, has traditionally been limited to questions of compensation arising between employees or their dependents and employers or employers' insurance carriers, *Bituminous Casualty Corporation v. Powell* (1935), 101 Ind.App. 90, 93, 194 N.E. 495, 496, and not to disputes arising between an employee and a health care provider.

Prior to the 1991 amendment of IND. CODE 22-3-3-5, no section of the Worker's Compensation Act expressly addressed the issue confronting us now, namely, where a health care provider's claim against an employee for services rendered but unpaid should be brought. Neither have I found any Indiana case law directly on point. Our supreme court has held, however, that a state court has jurisdiction to hear an action by a physician against an employer for services rendered to an employee. *Hoffman v. Brooks Construction Co.* (1941), 220 Ind. 150, 158, 41 N.E.2d 613, 616 (remarking that "[w]e can see no benefit which would accrue to the employee by forcing a physician to file a claim for services rendered under a contract with an employer, with the Industrial Board, rather than in a court"). Based on *Hoffman, Bituminous Casualty Corporation,* and the lack of statutory language directing otherwise, I believe that prior to the effective date of the amendment, July 1, 1991, a health care provider could properly bring an action against an employee in state

court for services rendered but unpaid.[2]

Here, Medical Center rendered services to Baker in 1990, was not entirely paid for rendering those services, and thereby acquired a vested property right, all before the amendment to IND.CODE 22–3–3–5 became effective on July 1, 1991. General rules of statutory construction require that statutes be given prospective effect only, unless the legislature unambiguously and unequivocally intended retrospective effect as well. *State ex rel. Indiana State Board of Dental Examiners v. Judd* (1990), Ind.App., 554 N.E.2d 829, 832. We "especially disfavor retroactive application of statutes which would infringe upon rights or violate some constitutional guaranty." *Id.* I find no legislative intent to give IND.CODE 22–3–3–5's amendment retroactive application. Moreover, the amendment infringed Medical Center's rights by declaring "[t]he employee and the employee's estate do not have liability to a health care provider for payment for services obtained [pending adjudication of impairment]." Not only could Medical Center properly bring its action against Baker in state court prior to July 1, 1991, but it also could properly do so after July 1, 1991, as well.

## II

In order to impose attorney fees under IND.CODE 34–1–32–1, the trial court must find the claim is frivolous, unreasonable, or groundless. The trial court found Medical Center's claim was frivolous. As the majority observes, a "frivolous" claim is one taken primarily to harass, one made without an underlying good faith and rational argument, or one lacking a good faith and rational argument for the extension, modification, or reversal of existing law. *Kahn v. Cundiff* (1989), Ind.App., 533 N.E.2d 164, 167, *adopted on transfer*, 543 N.E.2d 627. Medical Center's claim against Baker is not frivolous. To the contrary, I find the choice to file in the Lake County Superior Court well-taken and supported by law. I

believe the trial court improperly awarded attorney fees.

I am even more disturbed by the majority's decision to award appellate attorney fees. Although Ind. Appellate Rule 15(G) may support such an award, *Orr v. Turco Mfg. Co, Inc.* (1987), Ind., 512 N.E.2d 151, 152, the rule may not be imposed to punish an appellant unless the contentions and arguments in the appeal are "utterly devoid of all plausibility." *Schlosser v. Bank of Western Indiana* (1992), Ind.App., 589 N.E.2d 1176, 1180. The majority implicitly concludes that a mere "cursory review" of the law amply demonstrates the utter lack of plausibility in Medical Center's choice to sue in Lake County Superior Court. I strongly disagree with this conclusion and would suggest the majority cast its cursory review toward *Bituminous Casualty Corporation, Hoffman, Board of Dental Examiners,* and *Schlosser.* Together, these show Medical Center's action was plainly not "utterly devoid of all plausibility."

For the reasons given above, I dissent. I would hold the trial court had authority to hear Medical Center's claim against Baker, and I would not allow either award of attorney fees.

---

the services rendered by the health care provider.