RUCKER, J.,
concurring in part and dissenting in part.
I respectfully dissent from part II of the majority opinion. Under Indiana Code section 34-52-1-1(b) a trial court may award attorneys’ fees as part of the cost to the prevailing party “if the court finds that either party” advanced claims or defenses that were frivolous, unreasonable, groundless, or otherwise litigated in bad faith. Even accepting as true the majority’s position that the statute does not require the trial court to make an express finding, still the trial court must somehow indicate that it determined that one side or the other advanced claims or defenses that were frivolous, unreasonable, groundless, or otherwise litigated in bad faith, before awarding attorneys’ fees under the statute. Here, there was nothing.
The record shows that the Town filed a twenty-page motion to dismiss Turner’s amended complaint detailing why its motion should be granted. Appellant’s App. at 114-34. A little less than one page was devoted to a request for attorneys’ fees, and this primarily was a recitation of the statutory language. Appellant’s App. at 133. The motion concluded with a request for “attorneys’ fees and costs.” Appellant’s App. at 133 (emphasis added). In granting the Town’s motion to dismiss, and its subsequent motion for partial summary judgment, the trial court entered a twelve-page judgment and order. Appellant’s App. at 314-23. The order was thoughtful, and it meticulously detailed the reasons the trial court was granting the Town’s motions. Nowhere did the trial court mention, refer to, or even hint that Turner’s claims or defenses were frivolous, unreasonable, groundless, or otherwise litigated in bad faith. All the trial court did was dismiss Turner’s complaint and grant the Town’s motion for partial summary judgment. And the law is settled that claims are not rendered frivolous, unreasonable, or groundless simply because a party loses on the merits. Kahn v. Cundiff 543 N.E.2d 627, 629 (Ind.1989), aff'd and adopt’g 533 N.E.2d 164, 171 (Ind.Ct.App.1989) (“[A]n action is neither groundless nor frivolous merely because a party loses on the merits.”); N. Elec. Co. v. Torma, 819 N.E.2d 417, 431 (Ind.Ct.App.2004) (same).
Nearly sixty days after Turner lost on the merits, the Town filed its fifteen-page “Petition for Attorneys’ Fees as Costs Allowed by Law.” Appellant’s App. at 324. The Town essentially summarized many of the grounds on which the trial court relied in granting the Town’s earlier motions and basically contended “each of the four Counts brought and continued against the Town in this action was ‘frivolous’, ‘unreasonable’ or ‘groundless.’ ” Appellant’s App. at 327. Turner responded in opposition. There was no hearing, and in a one-page order the trial court simply averred “the court determines and finds that the Defendant’s motion should be granted.” Appellant’s App. at 6. Other than granting Town’s petition, there was no indication that the trial court concluded Turner’s claims or defenses were in fact frivolous, unreasonable, or groundless. Nor did the trial court give any indication of why it may have so concluded. And however tempting it may be, I would not infer as much from a silent record. I would reverse the trial court on this point and remand this cause for further proceedings. In all other respects I concur in the majority opinion.
DICKSON, J., joins.