**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 26 2012, 8:37 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BRUCE N. MUNSON**
Muncie, Indiana

ATTORNEY FOR APPELLEES:

**MICHAEL J. ALEXANDER**
Muncie, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DENNIS ADKINS,                               )
                                             )
        Appellant-Plaintiff,                 )
                                             )
            vs.                              )        No. 68A04-1203-CT-103
                                             )
JUDY SAUNDERS, Individually, and d/b/a       )
PREVENTION AND MORE HERBS,                   )
                                             )
        Appellees-Defendants.                )

APPEAL FROM THE RANDOLPH CIRCUIT COURT
The Honorable Jay L. Toney, Judge
Cause No. 68C01-0508-CT-309

**October 26, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Plaintiff, Dennis Adkins (Adkins), appeals the trial court's grant of summary judgment and award of attorney fees in favor of Appellee-Defendant, Judy Saunders, d/b/a Prevention and More Herbs, and Judy Sanders individually (Saunders), on Adkins' negligence claim.

We affirm.

## ISSUES

Adkins presents two issues on appeal, which we restate as:

(1) Whether the trial court erred in granting summary judgment to Saunders; and

(2) Whether the trial court erred in awarding Saunders' attorney fees based on Adkins' continued litigation of a groundless claim.

On cross-appeal, Saunders raises a single issue, which we restate as: Whether Saunders is entitled to appellate attorney fees.

## FACTS AND PROCEDURAL HISTORY

Saunders operates an herbal store called Prevention and More Herbs. Adkins was a customer of the store prior to November 9, 2004, purchasing herbs and dietary supplements. On November 9, 2004, he visited Saunders' store sweating and in obvious "intense physical distress." (Appellant's App. p. 25). Saunders examined him and concluded that Adkins was experiencing an anxiety attack. Saunders explained that Adkins was fortunate to have visited her rather than going to a hospital and recommended that he ingest certain herbs.

2

On November 12, 2004, Adkins worked the night shift at Hancock County Hospital in Greenfield, Indiana and felt ill during the shift. His symptoms included weakness in the legs and shortness of breath. Adkins completed his shift at 7 a.m. on November 13, 2004 and returned home. Later that day Adkins went to the hospital's emergency room where he was diagnosed with a heart attack. He was transferred to St. Vincent's Heart Center in Indianapolis and was seen by Dr. Elaine Moen (Dr. Moen).

Dr. Moen interviewed and extensively examined Adkins. Adkins told Dr. Moen that he had felt ill during his shift as well as a week before. While Adkins told Dr. Moen that he had experienced chest pains two or more days before, he did not have them during the examination. Dr. Moen performed a number of tests and determined that he had had a significant heart attack prior to seeing her and had developed a two centimeter hole in his heart as a result. Adkins later underwent double bypass surgery.

On August 25, 2005, Adkins filed his Complaint against Saunders alleging that Saunders was negligent by failing to summon emergency medical care and had engaged in the unlawful practice of medicine. On November 14, 2005, Saunders denied Adkins' allegations and filed her Counterclaim against Adkins for defamation and attorney fees under Ind. Code § 34-52-1-1.

On April 13, 2009, Saunders moved for summary judgment, claiming that Adkins had not sufficiently established the proximate cause of his damages. On June 8, 2009, the trial court held a hearing on the motion and granted it on September 29, 2009. The trial court concluded that Dr. Moen's testimony did not establish a genuine issue of material

3

fact on proximate cause because she could not state with certainty when Adkins suffered his heart attack. On October 27, 2009, Adkins filed an interlocutory appeal which this court dismissed on March 15, 2010 due to a lack of certification. On April 6, 2010, the trial court certified the summary judgment for interlocutory appeal, which we also denied on May 28, 2010.

On December 19, 2011, the trial court conducted a bench trial on Saunders' Counterclaim, with attorney fees as the sole remaining issue in the case. On January 31, 2012, the trial court entered judgment in favor of Saunders. The trial court concluded that by failing to dismiss his Complaint following Dr. Moen's deposition, Adkins pursued a groundless claim. The trial court awarded attorney fees in the amount of $9,940 to Saunders.

Adkins now appeals and Saunders cross-appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

APPEAL

I. *Summary Judgment*

A. *Standard of Review*

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). A fact is material if its resolution would affect the outcome of the case. *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009). An issue is genuine if a trier of fact is required to

4

resolve the parties' differing accounts of the truth or if the undisputed facts support conflicting reasonable inferences. *Id.*

In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *First Farmers Bank & Trust Co. v. Whorley*, 891 N.E.2d 604, 607 (Ind. Ct. App. 2008), *trans. denied*. Thus, on appeal, we must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Id.* at 607-08. In doing so, we consider all of the designated evidence in the light most favorable to the non-moving party. *Id.* at 608. The party appealing the grant of summary judgment has the burden of persuading this court that the trial court's ruling was improper. *Id.* When the defendant is the moving party, the defendant must show that the undisputed facts negate at least one element of the plaintiff's cause of action or that the defendant has a factually unchallenged affirmative defense that bars the plaintiff's claim. *Id.* Accordingly, the grant of summary judgment must be reversed if the record discloses an incorrect application of the law to the facts. *Id.* When the parties have filed cross-motions for summary judgment, we consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law. *Id.*

Here, the trial court entered findings of fact and conclusions of law in support of its judgment. Special findings are not required in summary judgment proceedings and are not binding on appeal. *Id.* However, such findings offer this court valuable insight into the trial court's rationale for its review and facilitate appellate review. *Id.*

## B. *Proximate Cause*

Adkins' Complaint, sounding in negligence, alleged that upon his visit to her store, Saunders (1) failed to call an ambulance or refer him to a hospital and (2) engaged in the unlawful practice of medicine by prescribing him herbs. Such acts or omissions allegedly "interfered with or delayed the legitimate medical care that Adkins urgently needed," thereby causing him to experience pain, avoidable cardiac damage, and incur unnecessary medical expense. (Appellant's App. pp. 25-26).

The tort of negligence consists of three elements: (1) a duty owed to the plaintiff by the defendant; (2) a breach of that duty by the defendant; and (3) injury to the plaintiff proximately caused by that breach. *Kincade v. MAC Corp.*, 773 N.E.2d 909, 911 (Ind. Ct. App. 2002). Negligence will not be inferred; rather, specific factual evidence, or reasonable inferences that might be drawn therefrom, on each element must be designated to the trial court. *Id.* However, an inference is not reasonable when it rests on no more than speculation or conjecture. *Id.*

Saunders admitted for the purpose of summary judgment that she owed Adkins a duty but contended that Adkins could not demonstrate a genuine issue of material fact on whether Saunders' acts or omissions proximately caused Adkins' injuries. Proximate cause requires causation in fact, *i.e.*, 'but-for' the defendant's conduct the harm would not have occurred. *Daub v. Daub*, 629 N.E.2d 873, 877 (Ind. Ct. App. 1994), *trans. denied*. Proximate cause is generally a question of fact; therefore, summary judgment is rarely appropriate. *Hellums v. Raber*, 853 N.E.2d 143, 146 (Ind. Ct. App. 2006).

However, the issue of proximate cause becomes a question of law where only a single conclusion can be drawn from the facts. *Florio v. Tilley*, 875 N.E.2d 253, 256 (Ind. Ct. App. 2007).

On appeal, Adkins argues that he put forth designated evidence to show a genuine issue of material fact as to the causal connection between Saunders' alleged acts or omissions and his injuries. Specifically, he contends that Dr. Moen's testimony that he suffered a heart attack prior to presenting at the Hancock County Hospital, along with his affidavit stating the symptoms he experienced on November 9 and 13, 2004, established that he was suffering a heart attack when he consulted Saunders.

We have previously held that where a plaintiff has suffered an injury resulting from a pre-existing affliction, expert medical testimony is required to establish that the plaintiff's injuries in fact arose from the alleged negligence rather than from other causes. *Daub*, 629 N.E.2d at 877-78. This is so because "the question of the causal connection between a permanent condition, an injury [,] and a pre-existing affliction or condition is a complicated medical question." *Id.* However, where such expert medical testimony is couched in terms of possibilities and probabilities rather than medical certainty, it is insufficient to demonstrate causation without additional probative evidence. *See Topp v. Leffers*, 838 N.E.2d 1027, 1033 (Ind. Ct. App. 2005), *trans. denied*.

Adkins suffered a heart attack causing a two centimeter hole in his septum (VSD) sometime prior to presenting at the Hancock County Hospital on November 13, 2004. Dr. Moen, who examined Adkins later that day, concluded that Adkins had developed the

7

VSD as a result of a blocked artery, which caused cardiac tissue to die and his heart to push harder to keep the blood pumping, thereby blowing a hole in the dead cardiac tissue. She concluded that based upon his VSD Adkins had to have had a heart attack prior to November 13, 2004. However, Dr. Moen testified that the average time for a heart attack to occur is usually sixteen hours prior to VSD, but it could have occurred two to three days or even a week before. Thus, while providing possible time frames when Adkins suffered from the heart attack causing the VSD, Dr. Moen was unable to pinpoint the date of such occurrence with any certainty.

Adkins argues that Dr. Moen's testimony, when combined with his affidavit alleging the existence of certain symptoms he exhibited, is sufficient to show a genuine issue of material fact that the heart attack causing the VSD occurred on November 9, 2004, the date Adkins visited Saunders' store and exhibited symptoms of extreme physical distress. However, the plaintiff's complaints of pain following an accident, when coupled with uncertain medical testimony, are not sufficient to prove causation. *See id.*, at 1036. Consequently, Adkins relies only on speculation and conjecture to establish that Saunders proximately caused his injuries. *See Brannan v. Wilson*, 733 N.E.2d 1000, 1003 (Ind. Ct. App. 2000), *trans. denied*. He has therefore failed to meet this burden and Saunders is entitled to judgment as a matter of law.

II. *Attorney Fees*

A. *Ind. Code § 34-52-1-1(b)*

Adkins also appeals the trial court's judgment awarding Saunders attorney fees under I.C. § 34-52-1-1(b). I.C. § 34-52-1-1(b)(2) provides that the trial court may award attorney fees as a part of costs to the prevailing party in a civil action if it finds that a party "continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless." We review the trial court's decision to award attorney fees under a multi-step standard of review. *St. Mary Medical Center v. Baker*, 611 N.E.2d 135, 137 (Ind. Ct. App. 1993), *trans. denied*. First, we review the trial court's findings of fact under the clearly erroneous standard and second, we review de novo the trial court's legal conclusions. *Id*. Finally, we review the trial court's decision to award attorney fees and the amount thereof under an abuse of discretion standard. *Id*.

The trial court concluded that Adkins' claims were groundless and awarded attorney fees to Saunders on such basis. Groundless claims are those where "no facts exist which support the legal claim presented by the losing party." *Chapo v. Jefferson Cnty. Plan Comm'n*, 926 N.E.2d 504, 509 (Ind. Ct. App. 2010). The trial court ordered Adkins to pay Saunders' attorney fees incurred after Dr. Moen's deposition because it was clear after Dr. Moen's deposition that Adkins had no evidence to prove causation. By continuing to litigate without such evidence, the trial court concluded that Adkins' claim became groundless.

As noted previously, Adkins needed to prove causation as an essential element of his negligence claim against Saunders. Dr. Moen's testimony and his affidavit were the only pieces of evidence designated by Adkins in this regard. We affirmed the trial

9

court's ruling on the motion for summary judgment based on the same conclusions that Dr. Moen's deposition testimony and Adkins' affidavit failed to raise a genuine issue of material fact on causation. Further, we note Dr. Moen's deposition was taken in January 2009 and summary judgment was granted on September 29, 2009. At the December 19, 2011 bench trial on Saunders' counterclaim, Adkins steadfastly remained resolute that his claim was viable. Adkins was aware that he was without facts sufficient to move forward, but nevertheless doggedly continued. The trial court found that following Dr. Moen's deposition, Saunders incurred attorney's fees in the amount of $9,940 defending against Adkins' claim. We find no abuse of discretion regarding the trial court's award of attorney fees under these circumstances.

CROSS-APPEAL

On cross-appeal, Saunders requests that we award her appellate attorney fees pursuant to Ind. Appellate Rule 66(E) because Adkins failed to include the designated materials of her summary judgment motion in his Appendix and "the continuing burden forced upon Saunders by Adkins['] refusal to accept the reality that his ire against [Saunders] is not supported by the medical facts." (Appellee's Br. p. 22).

App. R. 66(E) permits this court to impose damages, including attorney fees, for frivolous appeals or appeals made in bad faith. *Manous v. Manousogianakis*, 824 N.E.2d 756, 767-68 (Ind. Ct. App. 2005). A strong showing is required to justify an award of appellate damages, and the sanction is not imposed to punish mere lack of merit, but something more egregious. *Id*. Indiana appellate courts have formally categorized

10

claims for appellate attorney fees into substantive and procedural bad faith claims. *Id.* A substantive bad faith claim requires a showing that an appellant's contentions and arguments are utterly devoid of all plausibility. *See id.* Procedural bad faith occurs when a party flagrantly disregards the form and content requirements of the rules of appellate procedure, omits and misstates relevant facts appearing in the record, and files briefs written in a manner calculated to require the maximum expenditure of time both by the opposing party and the reviewing court. *Id.* Procedural bad faith can still be found even though the appellant's conduct falls short of being deliberate or by design. *See Clark County State Bank v. Bennett*, 336 N.E.2d 663, 668-69 (Ind. Ct. App. 1975).

We cannot say that Adkins' appeal is sufficiently egregious. While his argument on proximate cause ultimately fails, given the uncertainty in determining when his heart attack occurred, we cannot say that Adkins' argument is so utterly devoid of plausibility as to evince substantive bad faith.

We also conclude that Saunders has not shown procedural bad faith. App. R. 50(A)(2)(f) requires the Appellant's Appendix to include all pleadings and documents necessary to resolve the issues raised on appeal. Saunders and Adkins designate different portions of Dr. Moen's deposition testimony for the summary judgment proceedings. Although Adkins' Appendix did not include those portions of Dr. Moen's testimony designated by Saunders in her summary judgment motion, given the overlap in content between those portions designated by Adkins and those designated by Saunders, we do not find that such conduct rises to a level calculated to require the maximum expenditure

11

of time both by Saunders and this court. We therefore deny Saunders' request for appellate attorney fees. *See ARC Const. Management, LLC v. Zelenak*, 962 N.E.2d 692, 698-99 (Ind. Ct. App. 2012).

CONCLUSION

Based upon the foregoing, we conclude that the trial court properly granted summary judgment to Saunders. The trial court did not abuse its discretion in its judgment awarding attorney fees to Saunders. However, we deny Saunders' request for appellate attorney fees.

Affirmed.

BAILEY, J. concurs with separate opinion

CRONE, J. concurs in part and dissents in part with separate opinion

# IN THE
# COURT OF APPEALS OF INDIANA

DENNIS ADKINS,                                )
                                              )
    Appellant-Plaintiff,              )
                                              )
        vs.                       )    No. 68A04-1203-CT-103
                                              )
JUDY SAUNDERS, Individually, and d/b/a        )
PREVENTION AND MORE HERBS,                     )
    Appellees-Defendants.             )

**BAILEY, Judge, concurring with separate opinion**

I find no inconsistency in concluding that the trial court acted within its discretion by awarding attorney's fees under I.C. § 34-52-1-1(b) and also that attorney's fees pursuant to Appellate Rule 66(E) should be denied.

Once summary judgment was granted against Adkins and this Court denied his request for interlocutory appeal, Adkins could not appeal the summary judgment order until the counterclaim was also resolved. Adkins is entitled to have his case reviewed on

13

appeal, and we are now providing Adkins with his first review of the summary judgment order.  In these circumstances, I agree that additional fees are not warranted.

At the trial court level, however, as the majority observes, Adkins "doggedly continued" in the pursuit of his claim even though the trial court had ruled adversely to his interests in the summary judgment proceeding.  It was Adkins' insistence that the trial court continue to confront that which had already been decided that caused him to incur liability for Saunders' attorney's fees.  Thus, the trial court acted within its discretion by awarding attorney's fees.  It is of no moment whether we, if writing on a clean slate, might have decided differently.

# IN THE
# COURT OF APPEALS OF INDIANA

DENNIS ADKINS, )
)
    Appellant-Plaintiff, )
)
        vs. )   No. 68A04-1203-CT-103
)
JUDY SAUNDERS, Individually, and d/b/a )
PREVENTION AND MORE HERBS, )
)
    Appellees-Defendants. )

**CRONE, Judge, concurring in part and dissenting in part**

I agree with my colleagues that the trial court properly granted summary judgment to Saunders and properly awarded Saunders attorney's fees pursuant to Indiana Code Section 34-52-1-1 based on Adkins's continued litigation of his claim after it clearly became groundless following Dr. Moen's deposition. Because Adkins has not raised (and indeed could not raise) any new factual or legal bases to support his groundless claim on appeal, I would grant Saunders's request for appellate attorney's fees pursuant

15

to Appellate Rule 66(E). Although Indiana Code Section 34-52-1-1 and Appellate Rule 66(E) are worded differently, they are substantively similar. An appeal from a groundless claim is frivolous, at best, and in bad faith, at worst. If Adkins's claim was frivolous when summary judgment was granted and no new justification for pursuing it is raised on appeal, it is just as frivolous now. In my view, affirming a trial court's award of attorney's fees and denying a request for appellate attorney's fees in such a case is logically inconsistent, and therefore I would award appellate fees.