James KINTZELE and Realty World—
Steve Baker, Appellants–
Defendants,

v.

Paul and Cynthia PRZYBYLINSKI,
Appellees–Plaintiffs.

No. 46A05–9512–CV–489.

Court of Appeals of Indiana.

Sept. 9, 1996.

James E. Brammer, Valparaiso, Thomas J. Rutkowski, Michigan City, for Appellants.

Stephen A. Kray, LaPorte, for Appellees.

## OPINION

SHARPNACK, Chief Judge.

James Kintzele and Realty World–Steve Baker Real Estate (collectively "the Appellants") appeal the trial court's denial of their motion to tax costs and attorney's fees against the plaintiff-appellees, Paul and Cynthia Przybylinski. The Appellants raise one issue for our review which we restate as whether the trial court erroneously determined that they had waived their claim for attorney's fees. We reverse and remand.

The facts most favorable to the judgment follow. On December 2, 1990, the Przybylinskis purchased a house from John and Erin Mule. Kintzele, an employee of Realty World, was the Mules' real estate agent. Soon after the purchase, the Przybylinskis found numerous problems with the condition of the house. On January 27, 1993, the Przybylinskis filed an action against the Appellants alleging fraud and misrepresentation. On April 1,

1993, the Appellants filed an answer and sought attorney's fees pursuant to Ind.Code § 34–1–32–1. On July 2, 1993, the Przybylinskis filed an amended complaint. In response, the Appellants filed an amended answer which did not reassert their claim for attorney's fees.

On August 18, 1993, the Appellants moved for summary judgment. Before the hearing, the Przybylinskis dismissed their action against the Appellants. On March 17, 1994, the Appellants filed a motion to tax costs and attorney's fees pursuant to I.C. § 34–1–32–1 against the Przybylinskis. After conducting a hearing on the motion, the trial court entered findings of facts and conclusions thereon. In its judgment, the trial court denied the motion on the ground that the Appellants had waived their claim for attorney's fees by failing to reassert the claim in their amended answer. The Appellants now appeal this determination.

■ The sole issue raised for our review is whether the trial court erroneously determined that the Appellants had waived their claim for attorney's fees. Generally, litigants must pay their own attorney's fees. *United Farm Bureau Mut. Ins. Co. v. Ira*, 577 N.E.2d 588, 597 (Ind.Ct.App.1991). "Thus, attorney fees are not allowable in the absence of a statute or some agreement or stipulation authorizing such an award." *Id.* In Indiana, the award of attorney's fees in cases of frivolous, unreasonable, or groundless claims or defenses is governed by I.C. § 34–1–32–1, which provides in part:

"In any civil action, the court may award attorney's fees as part of the cost of the prevailing party, if it finds that either party:

(1) Brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;

(2) Continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or

(3) Litigated the action in bad faith."

I.C. § 34–1–32–1(b). Pursuant to this statute, a court may award attorney's fees upon a finding of any one of these elements. *Ira*, 577 N.E.2d at 597.

■ When reviewing the trial court's findings of fact and conclusions thereon, we apply the following standard:

"Awards under I.C. 34–1–32–1 are afforded a multi-step standard of review. First, we review the trial court's findings of fact under the clearly erroneous standard and second, we review *de novo* the trial court's legal conclusions. Finally, we review the trial court's decision to award attorney fees and the amount thereof under an abuse of discretion standard."

*St. Mary Medical Center v. Baker*, 611 N.E.2d 135, 137 (Ind.Ct.App.1993).

■ In the present case, neither party requested that the trial court enter findings. Because the court entered findings on its own motion, "the findings control only as to the issues they cover and a general judgment will control as to issues upon which the court has not found." *Mullin v. Mullin*, 634 N.E.2d 1340, 1341 (Ind.Ct.App.1994); *see Fowler v. Campbell*, 612 N.E.2d 596, 600 (Ind.Ct.App.1993). A general judgment entered with findings will be affirmed if it can be sustained upon any legal theory supported by the evidence. *Mullin*, 634 N.E.2d at 1341.

In its judgment, the trial court dismissed the Appellant's motion for attorney's fees on the ground that the Appellants had waived their claim by failing to reassert it in their amended answer.[1] In its conclusions, the trial court stated:

---

1. In their appellee's brief, the Przybylinskis do not directly address this issue, but rather, argue that there is evidence in the record which generally supports the trial court's conclusions. The Przybylinskis contend that the Appellants waived any claim to attorney's fees because the parties had reached an agreement "that the complaint would be dismissed in exchange for not pursuing any claim for attorney fees." Appellee's brief, p.

5. Essentially, the Przybylinskis request that we affirm the trial court's decision on an alternative theory which was not addressed in its judgment. *See Mullin*, 634 N.E.2d at 1341. However, because the trial court entered findings *sua sponte*, those findings control "as to the issues they cover." *Id.* As previously stated, the trial court found that the Appellant's waived their claim for attorney's fees on the theory that they did not

"3. The amended pleading replaces the original pleading. The defendant's failure to repeat its claim based on the theory of the frivolous law suit in its Amended Answer on July 28, 1993, waived that affirmative claim.

4. Defendant's failure to repeat in its minute answer of July 28, 1993, it's claim against the plaintiff for a frivolous law suit bars them from now alleging such a theory of recovery."

Record, p. 83.

■ Generally, claims for damages, including attorney's fees, must be included in the principal suit. *DPW v. Chair Lance Service, Inc.,* 523 N.E.2d 1373, 1379 (Ind.1988); *see Holland v. Miami Systems, Inc.,* 624 N.E.2d 478, 481 (Ind.Ct.App.1993). After a full adjudication of the principal suit, a party's failure to include attorney's fees will result in a waiver of the issue for a subsequent proceeding. *DPW,* 523 N.E.2d at 1379.

However, when responding to a complaint, the party is not required to file a claim for attorney's fees pursuant to I.C. § 34-1-32-1 prior to a final adjudication. *See Kahn v. Cundiff,* 533 N.E.2d 164, 166 (Ind.Ct.App. 1989), *adopted by* 543 N.E.2d 627, 629 (Ind. 1989). In *Kahn,* we reviewed an award of attorney's fees even though the party first moved for the award after he had already been dismissed. *Id.*

In that case, the plaintiffs retained Stanley Kahn to represent them in a personal injury action arising from an automobile accident. Kahn filed a negligence complaint against the defendants, Larry and Rachel Cundiff. The complaint alleged that Rachel negligently operated a vehicle which was owned by Larry. Prior to trial, the plaintiffs indicated that they intended to pursue a negligent entrustment theory against Larry. However, on the morning of trial, Kahn admitted that he had no facts to support this theory. Larry was then dismissed from the case, and he later moved for attorney's fees pursuant to I.C. § 34-1-32-1. Thereafter, the trial court granted this motion holding that Kahn's claim was frivolous, unreasonable, and

groundless within the meaning of I.C. § 34-1-32-1.

Upon review, we affirmed the trial court's award of attorney's fees, but remanded for an evidentiary hearing on the amount of the award. *Id.* at 172. On transfer, the supreme court adopted our opinion, stating that Larry could recover his attorney's fees "from that point in the litigation at which pursuing the claim became frivolous, unreasonable, or groundless." *Kahn,* 543 N.E.2d at 629.

We again addressed the issue of when a responding party must file a claim for attorney's fees in *Daurer v. Mallon,* 597 N.E.2d 334, 336 (Ind.Ct.App.1992), *reh'g denied, trans. denied.* In this case, Dauer filed an action against the defendant, Keller, for trespass and breach of contract. In response, Keller moved for summary judgment and requested attorney's fees pursuant to I.C. § 34-1-32-1. The trial court granted Keller's summary judgment motion, but did not rule on his request for attorney's fees. Thereafter, Keller filed a motion for attorney's fees, which was granted.

On appeal, Dauer challenged the trial court's award of attorney's fees. However, we dismissed this challenge, stating:

"Dauer further maintains the trial court erred in awarding attorney's fees to Keller because the court did not address the fee issue in its order granting summary judgment. However, as Keller notes, in *Kahn v. Cundiff* (1989), Ind.App., 533 N.E.2d 164, *adopted* (1989), Ind., 543 N.E.2d 627, this Court reviewed an award of attorney's fees even though the party requesting the fees filed his motion after being dismissed from the case. *Id.* at 166. In accordance with *Kahn,* we find no error on the part of the trial court in addressing the fee issue after its entry of summary judgment."

*Daurer,* 597 N.E.2d at 336.

In the present case, the Przybylinskis moved to dismiss their action against the Appellants prior to the summary judgment hearing. The trial court later granted this

reassert this claim in their amended complaint. Accordingly, we may only review these findings and cannot search the record for evidence to

support an alternative theory for the trial court's conclusion.

motion and dismissed the Appellants from the case. After the dismissal, the Appellants moved for attorney's fees on the ground that the Przybylinskis' complaint was frivolous.

■ In accordance with *Kahn,* the Appellants may properly raise such a motion for the first time after they have already been dismissed from the case. *See Kahn,* 533 N.E.2d at 166. Accordingly, the Appellants were not required to reassert their claim for attorney's fees in their amended answer. Therefore, we hold, as a matter of law, that the trial court erred in concluding that the Appellants waived their claim. *See Baker,* 611 N.E.2d at 137.

For the foregoing reasons, we reverse the trial court's judgment and remand this cause for a determination on the merits of Appellants' claim for attorney's fees.

REVERSED AND REMANDED.

DARDEN and BARTEAU, JJ., concur.