**FOR PUBLICATION**



ATTORNEYS FOR APPELLANT:

**FRED PFENNINGER**
**ANDREW HUBER**
Pfenninger & Associates
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**DAVID J. BEACH**
**BRIAN R. DEHEM**
Eichhorn & Eichhorn, LLP
Hammond, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| EVERGREEN SHIPPING AGENCY CORP., | ) | |
| | ) | |
| Appellant/Plaintiff | ) | |
| | ) | |
| vs. | ) | No. 45A03-1302-CC-40 |
| | ) | |
| DJURIC TRUCKING, INC., | ) | |
| | ) | |
| Appellee/Defendant. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Calvin D. Hawkins, Judge
Cause No. 45D02-1106-CC-422

**September 17, 2013**

**OPINION - FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Evergreen Shipping Agency Corp. ("Evergreen") appeals the award of attorney's fees to Djuric Trucking, Inc. ("Djuric"). Evergreen contends that the award is barred by res judicata and that Djuric waived its claim to attorney's fees. Because we conclude that the award is not barred by res judicata and Djuric has not waived its claim, we affirm.

**Facts and Procedural History**

This is the second appeal in a dispute between two freight companies. The first chapter in this case was set forth by this Court in August 2012:

> Evergreen is the owner of certain freight storage containers, and Djuric is a freight transport company. Both are parties to the Uniform Intermodal Interchange and Facilities Access Agreement ("UIIA"). Djuric has on occasion been hired by Hub City Terminals, Inc. ("Hub") to transport freight. As relevant here, in 2010 and 2011, Hub hired Djuric to transport freight one-way from Chicago to Indianapolis on behalf of Target Corporation ("Target"). Pursuant to Hub's request, Djuric transported the freight to Indianapolis using Evergreen's containers and received an authorized signature from Target. Target, in turn, agreed with Djuric to be responsible for any and all charges and/or fees assessed for the containers.
>
> On June 9, 2011, Evergreen filed a complaint on account against Djuric. According to Evergreen, Djuric was responsible for the failure to return the containers owned by Evergreen. Evergreen alleged damages in excess of $34,000 for per diem charges.
>
> Between August and October 2011, Evergreen and Djuric filed cross motions for summary judgment. In support of its motion, Evergreen designated the UIIA, on which it had based its claim. The UIIA defines "[p]er [d]iem" charges as "[c]harges to be paid when intermodal [e]quipment is not returned by the end of the allowable free time to its origin or another location, as previously agreed to by the Parties." Further, a "[p]rovider may permit some period of uncompensated use and thereafter impose use charges," but any such charges must be "set forth in [an] Addendum." The UIIA defines "Addendum/Addenda" as the "[p]roviders' schedule of economic and commercial terms not appropriate for inclusion in the [UIIA] and other terms and conditions of [e]quipment use," that is, a

separate collateral agreement. And the UIIA requires that any agreement, including an addendum, be in writing and signed by the parties.

Along with the UIIA, Evergreen designated the affidavit of Ted Dost, one of its managers, who stated that the UIIA required Djuric to pay per diem charges to Evergreen. But Evergreen did not designate a separate written agreement with Djuric, and, in support of its own motion for summary judgment, Djuric designated the affidavit of Jim Djuric, president of Djuric. According to Jim's affidavit, Djuric had no separate agreements with Evergreen. And, when pressed by the trial court at the summary judgment hearing, Evergreen's counsel was unable to confirm that any agreement other than the UIIA existed between Evergreen and Djuric. In any event, no separate written agreement was designated.

On November 16, the trial court entered summary judgment for Djuric on the basis that Evergreen's "designated evidence fails to establish any agreement by which [Djuric] is liable for any per diem [charges]. [Djuric's] designated evidence establishes that no such agreement exists." At the same time, the court denied Evergreen's motion for summary judgment.

*Evergreen Shipping Agency Corp. v. Djuric Trucking, Inc.*, No. 45A03-1112-CC-575 (Ind. Ct. App. Aug. 2, 2012) (citations omitted). In its summary-judgment motion, Djuric had argued that Evergreen's breach-of-contract claim was frivolous, and sought attorney's fees pursuant to Indiana Code section 34-52-1-1.[1] The trial court denied Djuric's request for attorney's fees under Section 34-52-1-1. This Court affirmed the trial court's grant of summary judgment.[2] The opinion was certified on September 3, 2012.

---

[1] A party responding to a complaint is not required to file a claim for attorney's fees pursuant to Indiana Code section 34-52-1-1 before a final adjudication. *See Davidson v. Boone Cnty.*, 745 N.E.2d 895, 900 (Ind. Ct. App. 2001) (citing *Kintzele v. Przybylinski*, 670 N.E.2d 101, 103 (Ind. Ct. App. 1996)).

[2] Djuric did not appeal the trial court's denial of its request for attorney's fees under Section 34-52-1-1.

Two weeks later, Djuric filed a request for attorney's fees pursuant to the UIIA. In an action for breach or enforcement of the UIIA, the UIIA entitles the prevailing party to recover reasonable attorney's fees. *See* Appellee's App. p. 19. After a hearing, the trial court granted Djuric's motion and awarded it approximately $12,000 in attorney's fees.

Evergreen now appeals.

## Discussion and Decision

On appeal, Evergreen contends that Djuric's claim for attorney's fees is barred by res judicata. It also claims that Djuric has waived its right to seek attorney's fees under the UIIA.[3]

Evergreen raises this res judicata argument for the first time on appeal; thus, it has waived this argument. *See Mid-States Gen. & Mech. Contracting Corp. v. Town of Goodland*, 811 N.E.2d 425, 438 n.2 (Ind. Ct. App. 2004) ("An appellant who presents an issue for the first time on appeal waives the issue for purposes of appellate review."). Waiver notwithstanding, this argument is not persuasive.

Res judicata serves to prevent repetitious litigation of disputes that are essentially the same. *Hilliard v. Jacobs*, 957 N.E.2d 1043, 1046 (Ind. Ct. App. 2011) (citing *MicroVote General Corp. v. Ind. Election Comm'n*, 924 N.E.2d 184, 191 (Ind. Ct. App.

---

[3] Evergreen also claims that Djuric's motion for attorney's fees under the UIIA should have been denied because it surprised and prejudiced Evergreen. *See* Appellant's Br. p. 9-10 (citing *R.L. Turner Corp. v. Town of Brownsburg*, 963 N.E.2d 453 (Ind. 2012)). But Djuric's motion for attorney's fees under the UIIA could not have been entirely unexpected—the UIIA contract contained a provision stating that in the event of litigation, the prevailing party shall be entitled to recover reasonable attorney's fees. And Evergreen had notice of and an opportunity to defend against Djuric's motion. Evergreen asked for, and received, a continuance on the hearing on Djuric's motion. Evergreen then argued at the hearing and submitted a written response to Djuric's motion. Evergreen's prejudice argument is not persuasive.

2010)), *trans. denied.* The doctrine of res judicata has two distinct components: claim preclusion and issue preclusion. *Id.* (citing *Dawson v. Estate of Ott*, 796 N.E.2d 1190, 1195 (Ind. Ct. App. 2003)). Claim preclusion applies when a final judgment on the merits has been rendered in a prior action, and it acts to bar a subsequent action on the same claim between the same parties. *Id.* (citing *MicroVote*, 924 N.E.2d at 191). Claim preclusion applies when the following four factors are satisfied:

> 1) the former judgment must have been rendered by a court of competent jurisdiction; 2) the former judgment must have been rendered on the merits; 3) the matter now in issue was, or could have been, determined in the prior action; and 4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies.

*Id.* Djuric based its first request for attorney's fees on Indiana Code section 34-52-1-1, arguing that Evergreen's breach-of-contract claim was frivolous. The trial court denied this request for attorney's fees. Evergreen claims that the trial court erred in later awarding Djuric attorney's fees because "the trial court had previously entered a final judgment denying Djuric attorney['s] fees and [] the Court of Appeals affirmed the trial court's judgment." Appellant's Br. p. 7.

But Djuric's second request for attorney's fees was based on the UIIA, not Section 34-52-1-1. And Djuric's ability to recover under the UIIA could not have been determined in the prior action. The UIIA allows the *prevailing* party to recover reasonable attorney's fees. In the prior action, the trial court had to determine who the prevailing party would be. Only after Djuric was found to be the prevailing party could it seek attorney's fees pursuant to the UIIA. Evergreen acknowledges as much in its reply brief: "Djuric's right to attorney['s] fees as a prevailing party accrued as soon as the

5

Court entered its order on summary judgment." Appellant's Reply Br. p. 3. We cannot agree that the doctrine of res judicata bars Djuric's request for attorney's fees pursuant to the UIIA.

Even if Djuric's claim for fees under the UIIA is not barred by res judicata, Evergreen argues that Djuric waived the claim. Evergreen contends that once the trial court ruled on the parties' summary-judgment motions, "Djuric had an opportunity to file a motion to correct errors arguing that as a prevailing party the Court should have awarded attorney['s] fees." *Id.* at 4. But a motion to correct errors is not the appropriate place to assert a claim against a defendant for the first time. *See Allstate Ins. Co. v. Hammond*, 759 N.E.2d 1162, 1167 (Ind. Ct. App. 2001) (citing *Noblesville Redev. Comm'n v. Noblesville Assoc. Ltd. P'ship*, 674 N.E.2d 558, 565 n.7 (Ind. 1996)). And Djuric could not have reasonably argued that the trial court erred by failing to award it attorney's fees based on a theory Djuric had not yet asserted. We cannot say that Djuric waived its claim for attorney's fees under the UIIA. We affirm the trial court's award of attorney's fees to Djuric.[4]

Affirmed.

BAKER, J., and FRIEDLANDER, J., concur.

---

[4] Evergreen asks this Court to adopt a new rule divesting trial courts of jurisdiction to award attorney's fees in circumstances like this. *See* Appellant's Br. p. 11. We decline to do so.