

**FILED**
Sep 24 2015, 9:15 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Robert F. Parker
Nancy J. Townsend
Burke Costanza & Carberry, LLP
Merrillville, Indiana

ATTORNEYS FOR APPELLEE

Edward P. Grimmer
Daniel A. Gohdes
Crown Point, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Boyer Construction Group Corp., | September 24, 2015 |
| *Appellant-Defendant,* | Court of Appeals Case No. 45A03-1502-PL-66 |
| v. | Appeal from the Lake Superior Court |
| Walker Construction Company, Inc. and Muller Realty, LLC, | The Honorable William E. Davis, Judge |
| *Appellees-Plaintiffs.* | Trial Court Cause No. 45D05-1311-PL-127 |

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant/Cross-Appellee, Boyer Construction Group Corp. (Boyer), appeals the trial court's denial of its post-judgment petition for attorney's fees. Appellee-Plaintiff/Cross-Appellant, Walker Construction Company, Inc. (Walker), cross-appeals the trial court's denial of its petition for supplemental attorney's fees.

We affirm in part, reverse in part, and remand.

## ISSUES

Boyer raises two issues on appeal, which we restate as the following three issues:

(1) Whether the trial court erred in concluding that Boyer had waived its claim for attorney's fees;

(2) Whether the trial court abused its discretion in denying Boyer's post-judgment petition for attorney's fees; and

(3) Whether the trial court erred in issuing a *sua sponte* correction to its judgment, ordering Boyer to pay a portion of Walker's attorney's fees.

Walker raises one issue on cross-appeal, which we restate as follows: Whether the trial court abused its discretion by denying Walker's petition for supplemental attorney's fees based on its mischaracterization of the fees as "post-judgment" work.

## FACTS AND PROCEDURAL HISTORY

In September of 2010, Muller Realty, LLC (Muller) contracted with Boyer, a general contractor, to design and build a car dealership in Merrillville, Lake County, Indiana. To carry out the project, Boyer subcontracted the concrete work to Walker. On August 1, 2011, Boyer and Walker executed two, nearly identical Subcontract Agreements. Under one of the Subcontract Agreements, the Site Concrete Contract, Boyer agreed to pay the sum of $79,400 for Walker to complete the concrete sidewalks, curbs, dumpster pad, and aprons at the street entrances. The other Subcontract Agreement, the Building Concrete Contract, provided that Boyer would pay Walker the sum of $215,840 for completing the concrete footings, foundation walls, and a colored and sealed slab-on-grade interior floor. In pertinent part, the Subcontract Agreements included the following provision to govern dispute resolution:

> Attorney's Fees and Consulting Fees (only as needed to defend)
> in the event of any litigation between the parties hereto
> concerning the performance of either party's services, the
> substantially prevailing party shall be entitled to recover
> reasonable attorney['s] fees and court costs from the other party.

(Appellant's App. p. 39).

Walker commenced the work on August 2, 2011. As the project progressed, several change orders were incorporated into the Subcontract Agreements, adding $8,486 to the total agreed-upon price. Upon completion of various phases of the project, Walker was to remit applications for progress payments to Boyer. Boyer could then either approve the work and submit the application to

Muller to make direct payment to Walker, or Boyer could reject the work and notify Walker in writing as to why payment was being withheld. On April 17, 2012, Walker substantially completed the projects under both the Site Concrete Contract and the Building Concrete Contract. That day, Walker submitted invoices to Boyer to request a final payment of $30,204.40.

[7] In June of 2012, Boyer requested that Walker return to the project site to perform additional concrete work not contemplated under the original Subcontract Agreements. After completing the additional work, Walker submitted an invoice to Boyer on June 14, 2012, in the amount of $1,308. Then, in October of 2012, Boyer requested that Walker repair some concrete that had been damaged by Boyer's asphalt subcontractor. Walker completed the additional work on October 31, 2012, and submitted an invoice to Boyer on November 8, 2012, for $372. It is unclear whether, or at what point, Boyer transmitted Walker's final invoices to Muller for payment, but it is undisputed that Walker's work was not rejected in accordance with the terms of the Subcontract Agreements, and Muller never paid Walker the outstanding balance of $31,884.40.

[8] On December 14, 2012, Walker filed its notice of intent to place a mechanic's lien on the project site, and on March 1, 2013, Walker filed a Complaint for Foreclosure of Mechanic's Lien against Muller and Boyer and further alleged that Boyer had breached the Subcontract Agreements. Walker sought judgment against both Muller and Boyer in the amount of $31,884.40, plus pre-judgment interest, reasonable attorney's fees, and lien costs. Muller subsequently

counter-claimed against Walker, alleging damages resulting from substandard workmanship with respect to the slab-on-grade interior floor.

[9] On August 11, 2014, the trial court conducted a bench trial, which concluded when the final evidence was submitted on August 22, 2014. On November 26, 2014, the trial court issued its Special Findings of Fact, Conclusions of Law and Order (Order). The trial court determined that Walker had "fully complied with [its] obligations" by completing the contracted work in a workmanlike manner. (Appellant's App. p. 147). The trial court further concluded that Boyer had breached the Subcontract Agreements "by not paying for the work Walker did . . . and by neither submitting Walker's invoices nor rejecting Walker[']s work." (Appellant's App. p. 147). Finally, the trial court found that Walker was entitled to foreclose on its mechanic's lien against Muller. Accordingly, the trial court entered judgment against Boyer in the amount of $1,680 plus pre-judgment interest. As against Muller, the trial court entered judgment in Walker's favor in the amount of $31,884, plus attorney's fees/costs of $41,854.15 and pre-judgment interest of $5,101.44, for a total of $78,839.99.[1]

[10] On December 17, 2014, Boyer filed a motion to assess attorney's fees against Walker, arguing that because "Walker's claim against Boyer sought contract damages, attorney's fees, costs, and prejudgment interest that ultimately amounted to $78,839.99, but recovered a judgment of only $1,680, 2.1% of the

---

[1] On January 30, 2015, Muller satisfied its judgment to Walker in full and is not a party to this appeal.

amount sought, Boyer is the 'substantially prevailing party' within the meaning of the Subcontract, and therefore 'shall be entitled to recover reasonable attorneys' fees and court costs' from Walker." (Appellant's App. p. 151). Accordingly, Boyer requested an award of $62,984.40 in attorney's fees and expenses. Boyer explained that this amount represented 97.9% of its *total* fees and expenses based on the fact that Walker did prevail on 2.1% of its claim against Boyer.

[11] Walker responded on December 29, 2014, arguing that Boyer had waived any right to recover attorney's fees by failing to counterclaim or otherwise plead the issue prior to the trial court's judgment. Moreover, Walker claimed to be the substantially prevailing party for purposes of the Subcontract Agreements and asserted that it had incurred an additional $20,400.28 in attorney's fees and expenses due to extended trial days, post-trial work, and in responding to Boyer's "frivolous, certainly meritless" claim for fees. (Appellant's App. p. 173). Walker claimed that "[t]his $20,400.28 in excess of the $41,854.15 is assessable against Boyer under the contract and under the doctrine of additur." (Appellant's App. p. 173).

[12] On January 30, 2015, the trial court conducted a hearing on the parties' cross-motions for attorney's fees. On February 9, 2015, the trial court issued an order denying Boyer's motion, specifically finding that Boyer had waived its claim for attorney's fees by failing to raise the issue either in its Answer, its contentions contained in the pre-trial order, or by any evidence at trial. The trial court did, however, find that it "should have entered a judgment for attorney fees" against

Boyer based on its breach of contract and accordingly ordered Boyer to remit $837.08 to Walker "based on the evidence submitted at trial." (Appellant's App. p. 26). The trial court denied Walker's "request for additur as to post-judgment work." (Appellant's App. p. 26).

Boyer now appeals, and Walker cross-appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Appeal*

#### A. *Waiver*

Boyer contends that the trial court erroneously determined that it had waived its claim for attorney's fees. Our court has previously held that the determination of whether a party has waived its claims to attorney's fees is a matter of law; therefore, our review of this issue is *de novo*. *Kintzele v. Przybylinski*, 670 N.E.2d 101, 104 (Ind. Ct. App. 1996). "Indiana adheres to the American rule that[,] in general, a party must pay his own attorneys' fees absent an agreement between the parties, a statute, or other rule to the contrary." *R.L. Turner Corp. v. Town of Brownsburg,* 963 N.E.2d 453, 458 (Ind. 2012). In this case, the parties contractually agreed that "the substantially prevailing party shall be entitled to recover reasonable attorney['s] fees" in the event of litigation. (Appellant's App. p. 39). Subsequent to the trial court's judgment, Boyer petitioned the court for attorney's fees pursuant to this contractual provision. Because Boyer did not raise the issue of attorney's fees at any point prior to the judgment—*i.e.*,

in its Answer, in a counterclaim, in its pre-trial contentions, or during the bench trial—the trial court found the matter waived.

[15] On appeal, Boyer asserts that "[u]ntil the trial court entered a judgment identifying the 'prevailing party,' no right to fees existed and, therefore, the right to request such fees could not have been waived prior to the entry of judgment." (Appellant's Br. p. 7). In turn, Walker contends that "Boyer is not to be rewarded for its 'stealth' strategy to recover on an issue it did not timely place before the court." (Appellee's Br. p. 7). Walker further asserts that Boyer was obligated to plead its claim for attorney's fees in a compulsory counterclaim under Indiana Trial Rule 13(A).

[16] The Indiana Supreme Court has previously stated that "[a] petition for [attorney's] fees does not disturb the merits of an earlier judgment or order"; thus, it is not governed by the same deadlines applicable to a motion to correct error or motion for relief from judgment. *R.L. Turner Corp.*, 963 N.E.2d at 459-60. In fact, "[a] request for attorneys' fees almost by definition is not ripe for consideration until after the main event reaches an end. Entertaining such petitions post-judgment is virtually the norm." *Id.* at 460. However, to ensure that parties do not abuse their right to file a post-judgment petition for attorney's fees with "extremely tardy request[s,]" "trial courts must use their discretion to prevent unfairness to parties facing petitions for fees." *Id.* In this case, Boyer filed its petition for attorney's fees within a few weeks following the trial court's Order, and Walker was provided with ample opportunity to respond with its own cross-motion and to defend against Boyer's motion during

a hearing. *See Evergreen Shipping Agency Corp. v. Djuric Trucking, Inc.*, 996 N.E.2d 337, 339 n.3 (Ind. Ct. App. 2013).

[17] Furthermore, our court has previously allowed claims for attorney's fees to proceed where the issue was not raised prior to final adjudication. In *Kintzele*, 670 N.E.2d at 102, after being dismissed from the case, the defendants filed a motion for attorney's fees pursuant to Indiana Code section 34-1-32-1 (now codified at Indiana Code section 34-52-1-1)—*i.e.*, the General Recovery Rule. The General Recovery Rule specifies that "[i]n any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party: (1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless; (2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or (3) litigated the action in bad faith." Ind. Code § 34-52-1-1(b). The trial court found the defendants had waived their claim for attorney's fees by failing to assert such a claim in their amended answer. *Kintzele*, 670 N.E.2d at 102. On appeal, our court held that "when responding to a complaint, the party is not required to file a claim for attorney's fees pursuant to [the General Recovery Rule] prior to a final adjudication." *Id.* at 103. Although the case at hand deals with attorney's fees that arise under contract rather than statute, nothing in the Subcontract Agreements specifies that the parties must make an affirmative demand for the attorney's fees prior to final adjudication. Rather, once prevailing party status is established, attorney's fees are axiomatic.

[18] Also, in *Evergreen Shipping Agency Corp.*, 996 N.E.2d at 339, the defending party—a freight transport company—filed a motion for summary judgment in which it sought attorney's fees from the plaintiff—a freight storage company— pursuant to the General Recovery Rule. Although the trial court entered summary judgment in favor of the defendant, it denied the request for attorney's fees. *Id.* After our court affirmed the trial court's summary judgment, the defendant filed a second request for attorney's fees—this time citing the Uniform Intermodal Interchange and Facilities Access Agreement (UIIA), to which both parties were signatories and which "entitles the prevailing party to recover reasonable attorney's fees." *Id.* The trial court granted the defendant's petition for attorney's fees, and the plaintiff appealed, arguing, in part, that the defendant had "waived its right to seek attorney's fees under the UIIA." *Id.* Our court declined to find that the defendant had waived its right to seek attorney's fees even though the defendant had not requested attorney's fees under the UIIA until after the trial court had issued its judgment and after our court had decided the matter of summary judgment on appeal. *Id.* at 341. Specifically, we found that it would have been inappropriate for the defendant to raise the issue any sooner, such as in a motion to correct error, because the defendant "could not have reasonably argued that the trial court erred by failing to award it attorney's fees based on a theory [the defendant] had not yet asserted." *Id.*

[19] Moreover, in finding that the defendant's claim was not barred by the doctrine of *res judicata* in light of the fact that attorney's fees had already been requested

and denied under the General Recovery Rule, the *Evergreen* court noted that "[t]he UIIA allows the *prevailing* party to recover reasonable attorney's fees. In the prior action, the trial court had to determine who the prevailing party would be. Only after [the defendant] was found to be the prevailing party could it seek attorney's fees pursuant to the UIIA." *Id.* at 340. Although we have not been presented with the issue of *res judicata*, we are nevertheless guided by the *Evergreen* court's rationale. Here, the right to attorney's fees was contingent upon the trial court's determination of the prevailing party, which was not established until the trial court issued its Order. Therefore, we find that the trial court erred as a matter of law in determining that Boyer had waived its claim by not pursuing attorney's fees prior to the issuance of the Order.

### B. *"Substantially Prevailing Party"*

[20] Boyer next contends that the trial court abused its discretion by denying its petition for attorney's fees. "When reviewing an award or denial of attorney fees, we note that the trial court is empowered to exercise its sound discretion, and any successful challenge to its determination must demonstrate an abuse thereof." *Delgado v. Boyles*, 922 N.E.2d 1267, 1270 (Ind. Ct. App. 2010), *reh'g denied, trans. denied*. We will find an abuse of discretion if "the trial court's decision is clearly against the logic and effect of the facts and circumstances before it." *Id.*

[21] As already discussed, the Subcontract Agreements provided that "the substantially prevailing party shall be entitled to recover reasonable attorney['s] fees and court costs from the other party." (Appellant's App. p. 39). According

to Boyer, it is entitled to an award of attorney's fees pursuant to the Subcontract Agreements because it "'substantially prevailed' in the litigation." (Appellant's Br. p. 13). More particularly, Boyer argues that

> [t]he net effect of the trial court's findings was that Muller was liable to Walker for $31,884.40 in contract damages, as well as attorney's fees of $41,854.15, and $5,101.44 in pre-judgment interest, for a total judgment of $78,839.99. Walker sought the same amount against Boyer, but received a judgment for only $1,680, prejudgment interest on that amount, and no attorney's fees. Thus, the judgment obtained by Walker against Boyer was approximately 2.1% of the amount sought against Boyer. In other words, Boyer successfully defended itself against almost 98% of Walker's claims.

(Appellant's Br. p. 13) (footnote omitted). The trial court subsequently amended its Order to also require Boyer to pay $837.08 in attorney's fees to Walker, which "amount represents approximately 2% of the amount of attorney's fees originally requested against Boyer by Walker." (Appellant's Br. p. 13 n.2). Because it claims to have defended itself against approximately 98% of Walker's claims, Boyer insists that it is entitled to an award of 98% of its total attorney's fees. In turn, Walker argues that Indiana "courts do not recognize [that] a party who did not lose as badly as it could have nevertheless 'prevailed' or it is entitled to some percentage of its fees because the judgment it suffered was less than 100% of its worst possible day in court." (Appellee's Br. p. 16).

[22] The issue before our court is one of contract interpretation. "The goal of contract interpretation is to ascertain and give effect to the parties' intent as by

the language of the agreement." *Delgado*, 922 N.E.2d at 1270.  Clear and unambiguous language "must be given its plain and ordinary meaning." *Reuille v. E.E. Brandenberger Const., Inc.*, 888 N.E.2d 770, 771 (Ind. 2008).  Where, as here, "parties have executed a contractual provision agreeing to pay attorney fees, such agreement is enforceable according to its terms unless the contract is contrary to law or public policy." *Id.*

[23]   As in the case at bar, in *Reuille*, the contract at issue specified that the "prevailing party" would be entitled to attorney's fees, but the term "prevailing party" was not defined by the agreement.  *Id.*  Our supreme court turned to the dictionary to ascertain "the ordinary meaning of the term at the time the contract was executed[,]" which defined "prevailing party" as follows:

> The party to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of his original contention. The one in whose favor the decision or verdict is rendered and judgment entered.

*Id.* (quoting Black's Law Dictionary 1188 (6th ed. 1990)).  The supreme court noted that "[t]his definition appears to contemplate a trial *on the merits* and entry of a favorable judgment in order to obtain prevailing party status."  *Id.* at 771-72 (emphasis added).  At the time the Subcontract Agreements at issue in the present case were executed, the dictionary defined the "prevailing party" as the "party in whose favor a judgment is rendered, regardless of the amount of damages awarded."  Black's Law Dictionary 1232 (9th ed. 2009).

[24] Boyer cites *Burras v. Canal Const. & Design Co.*, 470 N.E.2d 1362 (Ind. Ct. App. 1984), to support the proposition that "Indiana courts have long allowed the recovery of attorney's fees by a party that did not prevail on all of its claims or defenses." (Appellant's Br. p. 13). Boyer posits that "contractual attorney's fees ought to be available not just to the party that successfully recovers a judgment, but also to the party that successfully defends against a claim. And by any reasonable measure of success, Boyer successfully defended against Walker's claims in this case when it prevailed to the tune of winning 98% of the battle, while losing only 2%." (Appellant's Br. p. 14). We disagree.

[25] In *Burras*, 470 N.E.2d at 1364, a contractor was awarded damages and attorney's fees following the homeowner's breach of a construction contract, but the homeowners were also awarded damages in their counterclaim for breach of warranty. The construction contract contained a provision for attorney's fees in the event that the homeowners defaulted, but on appeal, the homeowners challenged the award of attorney's fees to the contractor as being excessive. *Id.* at 1369-70. Our court agreed with the homeowners, finding that "the recoverable attorney fees should be reduced 'in proportion to the amount recovered on the [contract] less the amount recovered on the counterclaim.'" *Id.* at 1370 (alteration in original). We found that "[t]his formula enables the trial judge to determine the amount of success obtained by the party entitled to attorney fees." *Id.* at 1370 n.4.

[26] Contrary to *Burras*, Boyer did not assert (and therefore did not prevail upon) any counterclaims. Moreover, the trial court specifically found that Boyer had

not successfully defended itself as it concluded that Boyer breached the Subcontract Agreements "by not paying for the work Walker did at the request of [Boyer] and by neither submitting Walker's invoices nor rejecting Walker's work under the [S]ubcontract [Agreements]." (Appellant's App. p. 147). Thus, the trial court ordered that Boyer was liable for the damages resulting therefrom. Regardless of the trial court's allocation of damages between Boyer and Muller, the trial court entered judgment entirely in Walker's favor and did not find that Boyer had succeeded on the merits as to a single issue. Therefore, the trial court acted within its discretion in denying Boyer's petition for attorney's fees because it is Walker—not Boyer—that is the substantially prevailing party for purposes of the Subcontract Agreements and is entitled to the award of attorney's fees thereunder.

## C. *Joint and Several Liability*

In its Complaint, Walker's request for damages of $31,884.40 included the $1,680 for labor performed outside of the scope of the Subcontract Agreements. Similarly, Walker's request for $41,854.15 in attorney's fees included the $837.08 later assessed against Boyer. Because the trial court did not specifically order joint and several liability, it appears that the trial court entered judgment on the *same* $1,680 in damages and the *same* $837.08 in attorney's fees against both Muller and Boyer, individually. Yet, Boyer presumes that the trial court intended to make the judgment joint and several, and because Muller has paid its judgment in full, Boyer contends that its liability is therefore satisfied as well. On the other hand, Walker argues that the trial court's judgment was not joint

and several and that Boyer has not yet satisfied its obligation to pay $1,680 in damages, plus $837.08 in attorney's fees.

[28] In support of its claim to be the substantially prevailing party for purposes of attorney's fees, Boyer asserts that "[t]he adverse joint and several judgment of $1,680.00 suffered by Boyer was *de minimis* when compared to the potential liability of almost $80,000.00 which Walker attempted to impose on Boyer, but failed." (Appellant's Br. pp. 15-16). However, we find that by insisting that the trial court intended to impose joint and several liability between Muller and Boyer, Boyer actually weakens its own argument that it should be considered the "substantially prevailing party." (Appellant's App. p. 39). Joint and several liability is defined as "[l]iability that may be apportioned either among two or more parties or to only one or a few select members of the group, at the adversary's discretion. Thus, each liable party is individually responsible for the entire obligation, but a paying party may have a right of contribution and indemnity from nonpaying parties." BLACK'S LAW DICTIONARY 933 (8th ed. 2004). A determination of joint and several liability would render Boyer equally liable with Muller for 100% of Walker's damages, costs, and fees.

[29] In the absence of specificity, we will presume neither that the trial court intended to hold Muller and Boyer jointly and severally liable in the amount of $78,839.99, nor that the trial court intended to hold Boyer liable for only 2% of the total damages sought. Under either scenario, we maintain our finding that Walker—not Boyer—is the substantially prevailing party; therefore, Walker—not Boyer—is entitled to an award of attorney's fees pursuant to the

Subcontract Agreements. However, we remand this case to the trial court with instructions to clarify its Order by either specifying that the judgment is joint and several between Muller and Boyer, or to reduce Muller's share of the damages by $1,680 and its share of the attorney's fees by $837.08.

### D. *Sua Sponte Correction of Trial Court's Order*

[30] Although the trial court denied the parties' cross-motions for attorney's fees, on February 9, 2015, the trial court determined that because it "gave a judgment for [b]reach of [c]ontract[,]" it "should have entered a judgment for attorney fees" against Boyer in the amount of $837.08 based on the evidence submitted during the bench trial. (Appellant's App. p. 26). Boyer now claims that the trial court's *sua sponte* correction of its initial Order was improper as the court "was without the power to 'correct' its original judgment since Walker had not filed a Motion to Correct Errors, and the time for filing such a motion had passed." (Appellant's Br. p. 18).

[31] Boyer relies on Indiana Trial Rule 52(B), which provides that a trial court, "[u]pon its own motion at any time before a motion to correct errors (Rule 59) is required to be made, . . . may open the judgment, if one has been entered, take additional testimony, amend or make new findings of fact and enter a new judgment or any combination thereof" upon certain conditions. A motion to correct errors must be "filed not later than thirty (30) days after the entry of a final judgment is noted in the Chronological Case Summary." Ind. Trial Rule 59(C). According to Boyer's calculation, the trial court's deadline for amending

its initial Order was January 8, 2015, but the trial court did not issue its order requiring Boyer to pay Walker's attorney's fees until February 9, 2015.

[32]     We need not consider whether the trial court issued an untimely correction under Trial Rule 52(B) because we find that the trial court was empowered to correct the judgment under Indiana Trial Rule 60(A).

> Of its own initiative or on the motion of any party and after such notice, if any, as the court orders, clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the trial court at any time before the Notice of Completion of Clerk's Record is filed under Appellate Rule 8.

T.R. 60(A). In its initial Order, the trial court ordered Muller to pay Walker's attorney's fees in the amount of $41,854.15. As previously mentioned, this figure included the $837.08 that the trial court subsequently determined to be Boyer's share of the fees. Thus, the trial court's "correction" did not alter the total amount of Walker's judgment.[2] Rather, based on its February 9, 2015 order, it is apparent that the trial court, despite finding that Boyer breached the Subcontract Agreements, mistakenly failed to allocate any responsibility for

---

[2] If, on remand, the trial court clarifies that its judgment against Muller and Boyer is joint and several, Boyer's liability for Walker's attorney's fees will have been satisfied, and it will be up to Muller to seek contribution from Boyer. If the trial court instead determines that Boyer is individually liable for approximately 2% of Walker's total damages, then Muller's share of the attorney's fees should be reduced and Boyer must pay $837.08 as ordered.

Walker's attorney's fees to Boyer, and such an oversight was properly remedied by the trial court's Trial Rule 60(A) authority.

## II. *Cross-Appeal*

[33] On cross-appeal, Walker claims that the trial court abused its discretion by denying its petition for supplemental attorney's fees and expenses in the amount of $20,400.28. The trial court summarily denied Walker's petition for fees for "post-judgment work." (Appellant's App. p. 26). According to Walker, the $20,400.28 included fees incurred as a result of a prolonged trial, post-trial work, and responding to Boyer's claim for attorney's fees, all of which "were [an] integral part of the litigation process to take the contract dispute to adjudication." (Appellee's Br. p. 25).

[34] Boyer, however, asserts that Walker is not entitled to the additional fees because it did not substantially prevail under the Subcontract Agreements. We are unpersuaded by this argument in light of our determination that Walker was indeed the substantially prevailing party. Alternatively, Boyer asserts that

> [c]onsidering that Walker received from Muller every penny of fees it requested at trial, considering that the fee award was more than the principal amount that Walker claimed was due it under the Subcontract, and considering that Walker recovered only $1,680.00 from Boyer under the Subcontract, the trial court was well within its discretion to limit Walker's fees to the $41,854.15 that Muller had already paid, and to decline to assess the additional fees solely against Boyer.

(Appellant's Reply Br. p. 11). Again, we disagree.

So long as they are not contrary to law or public policy, "courts will enforce" contractual provisions for payment of attorney's fees. *Rogers Grp., Inc. v. Diamond Builders, LLC*, 816 N.E.2d 415, 420 (Ind. Ct. App. 2004), *trans. denied*. As the substantially prevailing party, Walker is entitled to recover its reasonable attorney's fees and court costs. Neither the Subcontract Agreements nor existing case law limit Walker's recovery of attorney's fees to only those incurred in litigating the action prior to the trial court's judgment. *See, e.g., O'Brien v. 1st Source Bank*, 868 N.E.2d 903, 909 (Ind. Ct. App. 2007) (noting that "[w]hen a contract provision provides that attorney fees are recoverable, appellate attorney fees may also be awarded"). Accordingly, we remand this issue to the trial court with instructions to determine whether Walker's supplemental and "post-trial" attorney's fees, including any appellate attorney's fees, are reasonable. (Appellee's Reply Br. p. 5).

## CONCLUSION

Based on the foregoing, we conclude that the trial court erroneously concluded that Boyer had waived its claim for attorney's fees. Nevertheless, we further conclude that Walker—not Boyer—is the substantially prevailing party pursuant to the Subcontract Agreements and is therefore entitled to recover its reasonable attorney's fees. We remand with instructions.

Affirmed in part, reversed in part, and remanded.

Brown, J. and Altice, J. concur