## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 29 2016, 9:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

ATTORNEYS FOR STEVEN SAMS

Jon R. Pactor
Indianapolis, Indiana

Steven Sams
Fishers, Indiana

ATTORNEYS FOR APPELLEE

ATTORNEYS FOR PLANNED
PARENTHOOD OF INDIANA, INC.

Pamela J. Hensler
Samantha A. Salisbury
Clendening Johnson & Bohrer P.C.
Bloomington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jennifer Farr, | April 29, 2016 |
| *Nominal Appellant-Plaintiff,* | Court of Appeals Case No. 49A02-1502-PL-101 |
| v. | Appeal from the Marion Circuit Court |
| New Life Associates, P.C. and Planned Parenthood of Indiana, Inc., | The Honorable Sheryl Lynch, Judge |
| *Appellees-Defendants.* | The Honorable Mark A. Jones, Commissioner |
| Steven Sams, | Trial Court Cause No. 49C01-1210-PL-38223 |
| *Appellant.* | |

**Robb, Judge.**

# Case Summary and Issues

[1] Jennifer Farr filed a complaint against Planned Parenthood of Indiana, Inc. ("Planned Parenthood") alleging public disclosure of private facts, breach of physician-patient privilege, negligent infliction of emotional distress, and negligent supervision after Planned Parenthood released her medical records to the Putnam County Prosecutor's Office pursuant to a subpoena duces tecum issued by the Putnam Superior Court. The trial court granted summary judgment in favor of Planned Parenthood. Thereafter, Planned Parenthood filed a motion for attorney's fees, arguing Farr's claims were "frivolous, unreasonable, or groundless" under Indiana Code section 34-52-1-1(b). The trial court granted Planned Parenthood's motion and ordered Farr's attorney, Steven Sams, to pay $11,145.00 in attorney's fees.

[2] Sams appeals the trial court's order awarding attorney's fees, raising two issues: (1) whether Planned Parenthood waived its claim for attorney's fees, and (2) whether the trial court erred in concluding Farr's claims were "frivolous, unreasonable, or groundless."[1] Finding no error, we affirm the trial court's order awarding attorney's fees to Planned Parenthood.

---

[1] Neither Farr nor New Life Associates, P.C. is participating in this appeal.

# Facts and Procedural History

In 2010, Farr received medical treatment at a Planned Parenthood facility. She was prosecuted for perjury in Putnam County the following year. During the course of the criminal proceeding, the Putnam County Prosecutor's Office requested the Putnam Superior Court issue a subpoena duces tecum ordering Planned Parenthood to produce "any and all medical records of Jennifer A. Farr." Appendix at 67. The Putnam Superior Court granted the prosecutor's request and issued the subpoena. Planned Parenthood produced Farr's medical records in compliance with this court order.

Thereafter, in 2012, Farr filed a complaint against Planned Parenthood alleging public disclosure of private facts, breach of physician-patient privilege, negligent infliction of emotional distress, and negligent supervision. In its answer, Planned Parenthood maintained, "Plaintiff's claims against Defendant are frivolous, unreasonable, or groundless in accord with I.C. § 34-52-1-4, and Defendants are entitled to recover their attorney's fees incurred in the defense hereof." *Id.* at 30.[2] Planned Parenthood later moved for summary judgment. In her response to Planned Parenthood's motion for summary judgment, Farr voluntarily abandoned her claim for negligent supervision. As for the

---

[2] It appears Planned Parenthood inadvertently cited Indiana Code section 34-52-1-4, concerning relators, rather than Indiana Code section 34-52-1-1, which provides the General Recovery Rule. *See* Appellee's Brief at 3 n.1. Nonetheless, we conclude the answer provided sufficient notice that Planned Parenthood considered Farr's lawsuit "frivolous, unreasonable, or groundless," such that it would request the trial court to award attorney fees in its favor.

remaining claims, the trial court concluded Planned Parenthood was entitled to summary judgment because it was undisputed Planned Parenthood produced Farr's medical records pursuant to a court order.

[5] Although the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") generally requires covered entities to obtain patient authorization before disclosing protected health information, 45 C.F.R. § 164.508(a), it permits disclosure without patient authorization if the disclosure is in response to a subpoena or court order:

> (e) Standard: Disclosures for judicial and administrative proceedings.
>> (1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:
>>> (i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; or
>>> (ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if [t]he covered entity receives satisfactory assurance . . . from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request . . . .

45 C.F.R. § 164.512(e)(1). The trial court concluded HIPAA entitled Planned Parenthood to judgment as a matter of law, but it also concluded Farr's claims failed regardless of HIPAA:

8.  The public disclosure of private facts, alleged by Plaintiff as a cause of action in Count I of her complaint, is not a recognized cause of action in Indiana.[3]

9.  Regarding the physician-patient privilege, alleged as a basis of Defendants' liability in Count II of her Complaint[, t]here is no designated evidence that a physician violated Ms. Farr's physician-patient privilege.[4]

10. There is no designated evidence of a physical impact necessary to support Count III of Ms. Farr's Complaint alleging negligent infliction of emotional distress.[5]

App. at 92-93.

[6] The trial court granted summary judgment in favor of Planned Parenthood on January 13, 2014. The order granting summary judgment did not award attorney's fees or costs to Planned Parenthood. Then, on or around March 21,

---

[3] *Felsher v. Univ. of Evansville*, 755 N.E.2d 589, 593 (Ind. 2001) (stating Indiana courts do not recognize public disclosure of private facts as a cause of action).

[4] *Watters v. Dinn*, 633 N.E.2d 280, 287 (Ind. Ct. App. 1994) ("The physician-patient privilege does not apply to hospitals but only applies to 'physicians' licensed to practice medicine."), *trans. denied*.

[5] *Shuamber v. Henderson*, 579 N.E.2d 452, 456 (Ind. 1991) (holding a plaintiff is entitled to maintain an action to recover for negligent infliction of emotional distress where she "sustains a direct impact by the negligence of another and, by virtue of that direct involvement sustains an emotional trauma which is serious in nature and of a kind and extent normally expected to occur in a reasonable person").

2014, Planned Parenthood filed a motion for attorney's fees,[6] arguing Farr's claims were "frivolous, unreasonable, or groundless" under Indiana Code section 34-52-1-1(b).

[7] Farr filed a response to Planned Parenthood's motion for attorney's fees, which included as an exhibit Planned Parenthood's verified affidavit for attorney's fees—a seven-page, itemized list of the fees Planned Parenthood incurred in defending the action, totaling $15,500.00. The trial court held a hearing on the matter and awarded $11,145.00 in attorney's fees to Planned Parenthood, to be paid by Sams. In its written order, the trial court concluded the entire action was "frivolous, unreasonable, or groundless" because Farr did not dispute Planned Parenthood produced her medical records pursuant to a court order, and HIPAA "clearly and unequivocally permitted the disclosure of Ms. Farr's records pursuant to court order." App. at 120-21. The trial court also noted Planned Parenthood included a claim for attorney's fees in its answer. Sams subsequently filed a motion to correct error challenging the award of attorney's fees, which the trial court denied. This appeal followed.

---

[6] It unclear from the record when exactly Planned Parenthood filed this motion. In its order awarding attorney's fees to Planned Parenthood, the trial court noted,

> The Motion bears a barely-legible file stamp of 3/21/14 and contains a certificate of service of the same date, but it was not entered into the CCS until 4/29/14, and that entry indicates it was filed on 3/31/14 pursuant to T.R. 5(F), though the U.S. postage stamp indicates it was mailed on March 21, 2014.

App. at 120.

# Discussion and Decision

## I. Standard of Review

Appellate review of a trial court's award of attorney's fees pursuant to Indiana Code section 34-52-1-1(b) proceeds in three steps. *Smyth v. Hester*, 901 N.E.2d 25, 33 (Ind. Ct. App. 2009), *trans. denied*. First, we review the trial court's findings of fact for clear error. *Id.* In doing so, we neither reweigh the evidence nor judge the credibility of witnesses. *Id.* We review only the evidence and reasonable inferences that support the trial court's findings. *Id.* Second, we review de novo any legal conclusions on which the trial court based its decision. *Id.* Third, we review the trial court's decision to award attorney's fees and the amount thereof for abuse of discretion. *Id.* at 33-34.[7] "A trial court has abused its discretion if its decision clearly contravenes the logic and effect of the facts and circumstances or if the court has misinterpreted the law." *R.L. Turner Corp. v. Town of Brownsburg*, 963 N.E.2d 453, 457 (Ind. 2012).[8]

## II. Waiver

In Indiana, a party generally must pay her own attorney's fees absent an agreement between the parties, a statute, or other rule to the contrary. *Id.* at

---

[7] Sams does not challenge the amount of attorney's fees awarded.

[8] In his brief, Sams cites *Walker v. Pillion*, 748 N.E.2d 422, 427 (Ind. Ct. App. 2001), for the proposition that this court must "'use extreme restraint due to the potential chilling effect upon the exercise of the right to' access the courts." Brief of Appellant at 4. *Walker* concerned the imposition of appellate attorney's fees, however, not our review of a trial court's award of attorney's fees.

458. One such statute is Indiana Code section 34-52-1-1(b), which permits a trial court to award attorney's fees to a prevailing party if the court finds the losing party advanced a "frivolous, unreasonable, or groundless" claim. Sams contends Planned Parenthood waived its claim for attorney's fees by filing its motion more than thirty days after the entry of a final judgment that did not include "costs." He argues Planned Parenthood had thirty days to file a motion to correct error to challenge the absence of "costs" in the judgment and the trial court improperly amended the final judgment by awarding "costs" after thirty days had passed. Br. of Appellant at 4; *see also* Ind. Trial Rule 59(C).

[10] We disagree. "Indiana courts have always understood 'costs' as a term of art that includes filing fees and statutory witness fees but does not include attorneys' fees." *R.L. Turner Corp.*, 963 N.E.2d at 458. An award of "costs" therefore has no bearing on a party's request for attorney's fees. *See id.* at 459. Moreover, because "[a] petition for fees does not disturb the merits of an earlier judgment or order," it does not implicate Indiana Trial Rule 59 or the time limit contained therein. *Id.* at 459-60; *see also White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450-52 (1982) (holding a petition for attorney's fees under 42 U.S.C. § 1988 is not governed by the provisions of Federal Rule 59 because a request for attorney's fees "raises legal issues collateral to the main cause of action").

[11] Indiana Code section 34-52-1-1(b) does not include a time limit for requesting attorney's fees, but our supreme court has held "trial courts must use their discretion to prevent unfairness to parties facing petitions for fees." *R.L. Turner Corp.*, 963 N.E.2d at 460. Although a request for attorney's fees is generally not

ripe for consideration until a party has prevailed, an "extremely tardy" request will likely fall on deaf ears due to lack of notice. *Id.* In *R.L. Turner Corp.*, our supreme court held a request for attorney's fees filed roughly two months after entry of final judgment was not unfair because the prevailing party requested attorney's fees in three separate motions and warned the losing party of its intention to request fees in two letters. *Id.* Likewise, in *Kintzele v. Przybylinski*, 670 N.E.2d 101 (Ind. Ct. App. 1996), the prevailing parties included a claim for attorney's fees in their original answer but omitted the claim in their amended answer. The defendants moved for summary judgment on August 18, 1993, but the plaintiffs dismissed the action prior to the hearing on that motion. Then, on March 17, 1994, the defendants filed a motion for attorney's fees. Concluding the defendants had waived their claim for attorney's fees, the trial court denied the request. We held the trial court erred in determining their claim for attorney's fees was waived and remanded the case for a determination on the merits. *Id.* at 104.

[12] Planned Parenthood raised the issue of attorney's fees in its answer filed on January 14, 2013. During a hearing on March 3, 2013, the trial court asked Sams to explain how the court order impacted Farr's claims, but Sams stated he was not prepared to discuss this issue. Ultimately, the trial court granted summary judgment in favor of Planned Parenthood on this basis, and Planned Parenthood filed a motion for attorney's fees approximately two months later. Sams filed a response on behalf of Farr, and the trial court held a hearing on the matter prior to granting Planned Parenthood's request. Notwithstanding this

sequence of events, Sams contends the award of attorney's fees was unfair and unexpected because "Planned Parenthood did not send a stream of warnings in letters or e-mails about a claim for sanctions as there were in *R.L. Turner Corp.*" Br. of Appellant at 7.

[13]     First, we do not read *R.L. Turner. Corp.* as mandating a requirement for a "stream of warnings" from the later-prevailing party. In fact, attorney's fees may be awarded even if the issue was not raised prior to final adjudication. *See Boyer Constr. Grp. Corp. v. Walker Constr. Co., Inc.*, 44 N.E.3d 119, 123-24 (Ind. Ct. App. 2015). Second, we do not agree the award of attorney's fees was unexpected in this case. Planned Parenthood asserted a claim for attorney's fees in its answer, and its motion for attorney's fees can hardly be considered "extremely tardy." *R.L. Turner Corp.*, 963 N.E.2d at 460. It was filed only two months after the final judgment. *See id.* (holding a request for attorney's fees filed two months after entry of final judgment was not unfair). In addition, Farr and Sams were given an opportunity to defend against Planned Parenthood's motion during a hearing. *See Boyer Constr. Grp. Corp.*, 44 N.E.3d at 124 (noting a party's opportunity to defend against the request for attorney's fees during a hearing); *Evergreen Shipping Agency Corp. v. Djuric Trucking, Inc.*, 996 N.E.2d 337, 339 n.3 (Ind. Ct. App. 2013) (same). Under these circumstances, we fail to see how Sams suffered any unfairness.

# III. Award of Attorney's Fees

[14] Sams further contends Farr's claims were not "frivolous, unreasonable, or groundless" under Indiana Code section 34-52-1-1(b) and the trial court failed to explain why it considered her claims to be "frivolous, unreasonable, or groundless." A claim is frivolous if "the lawyer is unable to make a good faith and rational argument on the merits." *Kopka, Landau & Pinkus v. Hansen*, 874 N.E.2d 1065, 1074 (Ind. Ct. App. 2007) (citation omitted). A claim is unreasonable if, "based on a totality of the circumstances, including the law and facts known at the time of the filing, no reasonable attorney would consider that the claim or defense was worthy of litigation or justified." *Id*. at 1075. A claim is groundless if "no facts exist which support the legal claim relied on and presented by the losing party." *Id.*

[15] Sams claims our decisions in *J.H. v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 19 N.E.3d 811 (Ind. Ct. App. 2014), and *Walgreen Co. v. Hinchy*, 21 N.E.3d 99 (Ind. Ct. App. 2014), *trans. denied*, support the theories he advanced on behalf of Farr, but we fail to see how either case is relevant here. Neither case concerns HIPAA or the disclosure of medical information pursuant to a court order. The trial court concluded Planned Parenthood was entitled to attorney's fees because HIPAA "clearly and unequivocally permitted the disclosure of Ms. Farr's records pursuant to court order." App. at 121. The pertinent HIPAA provision states a covered entity such as Planned Parenthood may disclose protected health information in response to a court order, without the patient's knowledge, provided the covered entity discloses only the information expressly

authorized by the court order. *Compare* 45 C.F.R. § 164.512(e)(1)(i), *with* 45 C.F.R. § 164.512(e)(1)(ii) (requiring the covered entity receive "satisfactory assurance" that reasonable efforts have been made to notify the patient where the covered entity receives a subpoena unaccompanied by a court order).

[16]     The court order in this case directed Planned Parenthood to disclose "any and all medical records of Jennifer A. Farr," which Planned Parenthood did without first notifying Farr. App. at 67. Sams argued this action may have entitled Farr to relief under state law even if Planned Parenthood did not violate HIPAA because HIPAA does not preempt state law claims. In fact, HIPAA does preempt state law unless a "provision of State law relates to the privacy of individually identifiable health information and is more stringent than a standard, requirement, or implementation specification adopted under [45 C.F.R. § 164.500-.534]." 45 C.F.R. § 160.203(b); *see also Planned Parenthood of Ind. v. Carter*, 854 N.E.2d 853, 874 n.30 (Ind. Ct. App. 2006); *In re A.H.*, 832 N.E.2d 563, 568 (Ind. Ct. App. 2005). Yet, Sams at no point identified a provision of Indiana law more stringent than the HIPAA provisions at issue.[9]

---

[9] Sams cites *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923 (7th Cir. 2004), for the proposition that HIPAA does not preempt state law claims, but in that case, the court was discussing a particular Illinois statute that created a state-law privilege "more stringent than any federal privilege regarding medical records." *Id.* at 925 (citing 735 Ill. Comp. Stat. 5/8-802). Ultimately, the court held HIPAA does not create a federal physician-patient privilege, nor impose state evidentiary privileges on suits to enforce federal law:

> All that 45 C.F.R. § 164.512(e) should be understood to do, therefore, is to create a procedure for obtaining authority to use medical records in litigation. Whether the records are actually admissible in evidence will depend among other things on whether they are privileged. And the evidentiary privileges that are applicable to federal-question suits are given not by state law but by federal law, Fed. R. Evid. 501, which does not recognize a physician-patient (or hospital-patient) privilege.

He argued common-law tort claims *could* provide greater protection, but the tort claims he asserted fail regardless of HIPAA. *See supra* notes 3-5; App. at 92-93. For these reasons, we conclude the trial court provided adequate explanation in its order awarding attorney's fees to Planned Parenthood and did not err in determining Farr's claims were "frivolous, unreasonable, or groundless" under Indiana Code section 34-52-1-1(b).

# Conclusion

[17] The trial court did not err in concluding Planned Parenthood was entitled to attorney's fees under Indiana Code section 34-52-1-1(b). We therefore affirm the trial court's order awarding attorney's fees to Planned Parenthood.

[18] Affirmed.

Barnes, J., and Altice, J., concur.

---

*Id.* at 925-26.